UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00424 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 26] |
| v. | : | |
| | : | |
| MARGARET COLE, | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Margaret Cole faces charges for conspiracy to defraud the United States and alleged false statements to an adoption accrediting entity and a Polish government agency.[1]  She now moves for a bill of particulars.  For the reasons stated below, the Court **DENIES** the motion.

## I.    Background

The government alleges that Defendant Cole participated in a conspiracy to provide false statements to the United States State Department and the Council on Accreditation.[2] The government says Cole made false statements about an intercountry adoption.

This criminal case follows an administrative proceeding involving European Adoption Consultants, an international adoption agency.  In 2016, the State Department held a hearing and issued administrative findings on a related complaint.[3]  In that administrative hearing, the State Department disclosed much of this case's background information.

---

[1] Doc. 1 at ¶¶ 90-93, 95-98.
[2] *Id.* at ¶¶ 92-93.
[3] *European Adoption Consultants, Inc. v. Pompeo*, 18-CV-1676, 2020 WL 515959, at *2, *4 (D.D.C. Jan. 31, 2020), *appeal dismissed*, 20-5053, 2020 WL 3406482 (D.C. Cir. May 28, 2020).

Case No. 20-cr-00424
GWIN, J.

In August 2020, Defendant Cole was indicted on three charges: (1) conspiracy to defraud the United States, (2) false statement to the Council on Accreditation, and (3) false statement to the Polish Central Authority.[4]

Following the indictment, the government made disclosures to Defendant Cole. As of March 2021, the government stated that it had produced over 1.1 million documents in 11 productions.[5] The government stated that these documents included Cole's statements to law enforcement; documents from the Council on Accreditation, State Department, and Polish government; administrative hearing documents; documents from a related criminal trial; and email communications between Defendant Cole and her co-defendant.[6]

The government also states that it took additional measures "to assist defense counsel in navigating the discovery."[7] These measures included a letter disclosing the name of "Co-Conspirator 1," providing additional names of agencies implicated by the alleged conspiracy, and listing Bates numbers for documents related to particular charges.[8]

Defendant Cole does not dispute the extent of production but argues that the voluminous discovery necessitates a bill of particulars to help counsel navigate the documents.[9]

## II.     Legal Standard

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense

---

[4] *Id.* at ¶¶ 90-93, 95-98.
[5] Doc. 43 at 4.
[6] *Id.*
[7] *Id.*
[8] Doc. 43-1 at 3.
[9] Doc. 44 at 6-7.

Case No. 20-cr-00424
GWIN, J.

charged."[10]  The indictment must "set out each element of the statutory violation in order to sufficiently inform the defendant of the offense against which she must defend."[11]

If an indictment is insufficient, a court can order the government to file a bill of particulars.[12]  In the Sixth Circuit, a bill of particulars "is meant to be used as a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes."[13]  It is not, however, "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial."[14]  For example, the defendant "is not entitled to discover all the overt acts that might be proven at trial."[15]

"The decision to order a bill of particulars is within the sound discretion of the trial court."[16]  Defense requests for a bill of particulars find less support where the government provides a "detailed indictment."[17]

III.   Discussion

Defendant Cole moves for a bill of particulars identifying: (1) the agencies and departments that she allegedly defrauded; (2) the details surrounding her alleged false statements; (3) further elaboration for allegations that she concealed material facts; and (4) the identities of her alleged co-conspirators, named as "Co-Conspirator 1 and others" in the indictment.

---

[10] Fed. R. Crim. P. 7(c)(1).
[11] *United States v. Salisbury*, 983 F.2d 1369, 1373 (6th Cir.1993).
[12] Fed. R. Crim. P. 7(f).
[13] *Salisbury*, 983 F.2d at 1375.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

Case No. 20-cr-00424
GWIN, J.

The Court finds that the indictment sufficiently identifies the alleged criminal conduct. In addition, the government has provided extensive materials through discovery. The government has also provided additional materials and explanation to assist Defendant's counsel in reviewing the discovery. A bill of particulars is not necessary to provide notice of the charges, prevent surprise at trial, or prevent a second prosecution for the same crimes.

### A.  Agencies and Departments

Defendant Cole requests information on "the agencies and departments of the United States which Ms. Cole allegedly conspired to defraud."[18]

The indictment alleges that Defendant Cole and co-conspirators "caused material misstatements to be made to, and material facts to be concealed from, the State Department."[19] The indictment also lists a date of one of these alleged concealments, along with the relevant details of that event.[20]

The indictment further alleges false statements to the Council on Accreditation and identifies particular reports with dates.[21] The Court finds that the indictment sufficiently describes the crime alleged. The government is not required to disclose all overt acts that may be used to prove conspiracy at trial.[22]

During discovery, the government also sent Defendant Cole a letter noting two other agencies that exercise government functions related to intercountry adoption.[23] Further identification through a bill of particulars is not warranted.

### B.  False Statement Details

---

[18] Doc. 26 at 1.
[19] Doc. 1 at ¶ 93(b).
[20] *Id.* at ¶ ¶ 93(c), 94(a).
[21] *Id.* at ¶¶ 63, 69.
[22] *Salisbury*, 983 F.2d at 1375.
[23] Doc. 43-1 at 3.

Case No. 20-cr-00424
GWIN, J.

Defendant Cole also argues that this Court should order a bill of particulars to further describe the alleged false statements underlying the conspiracy charge.

The indictment identifies two reports with false statements, including date, agency, and specific statements.[24] It also identifies a letter using similar details.[25] The alleged overt acts provide additional notice of the charged conduct.[26]

In addition to the indictment details, the government disclosed many documents and directed Defendant Cole to particular documents underlying the false statement charges.[27]

The indictment sufficiently identifies the criminal conduct, and the discovery materials further facilitate Defendant Cole's trial preparations.

### C. Duty to Disclose

Defendant Cole requests a bill of particulars to specify the "duty to disclose" underlying the conspiracy charge. This request relates to the allegation that Defendant and her co-conspirators "caused material facts to be made to, and material facts concealed from, the State Department."[28]

The indictment specifies the approximate beginning and end dates, object, and manner and means of the alleged conspiracy.[29] The indictment also alleges five overt acts with date, location, names, and other specifics.[30]

These details are sufficient to put Defendant Cole on notice and allow her to prepare for trial.

---

[24] Doc. 1 at ¶¶ 63, 69.
[25] *Id.* at ¶ 72.
[26] *Id.* at ¶ 94.
[27] Doc. 43-1 at 3.
[28] Doc. 1 at ¶¶ 93(b).
[29] *Id.* at ¶¶ 91-93.
[30] *Id.* at ¶ 94.

Case No. 20-cr-00424
GWIN, J.

### D. Co-Conspirator Names

Defendant Cole requests identification of "Co-Conspirator 1 and others" listed as Defendant Cole and Defendant Parris's alleged co-conspirators. The government disclosed Co-Conspirator 1's name after her motion, making that request moot.[31]

As for the "others" listed as co-conspirators, the government is not required to disclose their names. "As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators."[32]

### E. Discovery Volume

Cole's discovery access weakens her claim for a bill of particulars.[33] This is particularly true where the defendant "received extensive discovery from the government."[34]

In contrast to most requests for a bill of particulars, Cole argues that a bill of particulars is necessary because the government has disclosed an unmanageably large amount of information.[35] Effectively, Cole says she has received too much discovery.

Courts have recognized that a bill of particulars may be granted when discovery is very voluminous.[36] The government can address this concern, however, by providing aids like "roadmaps" or a subset of key documents.[37]

Here, the government gave a "high-level overview" of the evidence in a video meeting with counsel and provided additional explanation by email.[38] The government also

---

[31] Doc. 43 at 5; Doc. 43-1 at 4.
[32] *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991).
[33] *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014).
[34] *United States v. Martin*, 516 F. App'x 433, 455 (6th Cir. 2013).
[35] Doc. 44 at 6-7.
[36] *United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010).
[37] *United States v. Chalmers*, 410 F. Supp. 2d 278, 285 (S.D.N.Y. 2006).
[38] Doc. 43 at 4.

Case No. 20-cr-00424
GWIN, J.

provided a list of relevant documents, with Bates numbers, corresponding to particular charges.[39] A bill of particulars is not necessary to provide additional assistance with the discovery materials.

IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Cole's motion for a bill of particulars.


IT IS SO ORDERED.


Dated: October 8, 2021                          s/    *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[39] Doc. 43-1 at 3.