UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES, | : | CASE NO. 1:20-cr-00424 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 45] |
| v. | : | |
| MARGARET COLE, | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Margaret Cole faces charges for conspiracy to defraud the United States and alleged false statements to an adoption accrediting entity and a Polish government agency.[1] The indictment charged two co-defendants.

Defendant Cole moves for a separate trial from her co-defendants' trials under Fed. R. Crim. P. 8(b) and 14(a).[2] The government responded.[3] Defendant Cole replied.[4] Against a legal backdrop where joinder is favored, this Court needs to decide whether the alleged Polish scheme should be tried with the alleged Uganda scheme.

This Court examines whether joining claims that Defendant Cole fraudulently set up a Polish adoption scheme with claims that her co-defendant used the same corporate entity to set up a minimally related Uganda scheme is proper. Further, this Court examines whether Cole will be prejudiced by joining claims when the alleged Uganda scheme involves significantly more evidence and arguably more inflammatory allegations.

---

[1] Doc. 1-2 at ¶¶ 90–98.
[2] Doc. 45; Fed. R. Crim. P. 8(b); Fed. R. Crim. P. 14(a).
[3] Doc. 51.
[4] Doc. 55.

Case No. 1:20-cr-00424
GWIN, J.

For the following reasons, this Court **DENIES** the motion for misjoinder pursuant to Fed. R. Crim. P. 8(b) and **DENIES without prejudice** the motion for severance pursuant to Fed. R. Crim. P. 14(a).

## I. Background

Defendant Cole operated an international adoption business, European Adoption Consultants.

The government alleges that Defendant Cole participated in a conspiracy to defraud the United States State Department and the Council on Accreditation.[5] The government says Cole made false statements about an intercountry adoption involving two Polish children.[6]

In August 2020, the United States indicted Defendant Cole on three charges: (1) conspiracy to defraud the United States, (2) false statement to the Council on Accreditation, and (3) false statement to the Polish Central Authority.[7] These three counts involve a single European Adoption Consultants Polish adoption. The United States also charged co-defendant Debra Parris in one of these counts.

Co-defendants Parris and Dorah Mirembe were indicted on ten additional charges related to intercountry adoptions involving Ugandan children.[8]

Defendant Cole says the charges against her were mis-joined with the Parris and Mirembe Uganda charges. Cole moves for severance based on misjoinder under Fed. R. Crim. P. 8(b) and prejudicial joinder under Fed. R. Crim. P. 14(a).[9]

With her misjoinder motion, Defendant Cole argues that the Poland adoption counts

---

[5] Doc. 1-2 at ¶¶ 90–94.
[6] *Id.* at ¶¶ 95–98.
[7] *Id.* at ¶¶ 90–98.
[8] *Id.* at ¶¶ 73–89.
[9] Doc. 45; Doc. 55; Fed. R. Crim. P. 8(b); Fed. R. Crim. P. 14(a).

Case No. 1:20-cr-00424
GWIN, J.

did not arise out of the same act or transaction or series of acts or transactions as the Uganda adoption counts against her co-defendants. In the alternative, Defendant Cole argues that she will be prejudiced by the inclusion of the Uganda charges and severance should be granted.

The government opposes severance.[10] In opposing severance, the government argues that the Poland and Uganda adoption schemes shared a common objective, were carried out by overlapping participants, involved common fraudulent means, and occurred during overlapping time periods. Therefore, the government argues the schemes are logically interrelated and properly joined under Fed. R. Crim. P. 8(b). The government also denies that Fed. R. Crim. P. 14(a) severance is warranted.

## II.     Joinder Under Fed. R. Crim. P. 8(b).

Rule 8(b) joinder is proper so long as the co-defendants' charged conduct arises out of the same act or transaction or series of acts or transactions.[11] A group of acts or transactions constitutes a "series" if they are logically related.[12]

To determine whether the defendants are properly joined, the Court looks to the face of the indictment.[13] Generally, especially in conspiracy cases, defendants indicted together "should be tried together" to promote judicial economy.[14] This is true even where each co-defendant is not charged in each count.[15]

---

[10] Doc. 51.
[11] Fed. R. Crim. P. 8(b).
[12] *United States v. Lloyd*, 10 F.3d 1197, 1214-15 (6th Cir. 1993) (internal citation omitted).
[13] *United States v. Chavis*, 296 F.3d 450, 458 (6th Cir. 2002) (internal citation omitted).
[14] *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (quoting *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987)). See *Zafiro v. United States*, 506 U.S. 534, 537–38 (6th Cir. 1993) (Demonstrating a preference for joint trials because they generally "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."); *United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1984).
[15] See *United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998).

Case No. 1:20-cr-00424
GWIN, J.

Joinder in this case is proper under Rule 8(b) because the counts in the indictment arise out of the same series of acts or transactions. The indictment alleges in detail how the Poland and Uganda adoption schemes were perpetrated for a single motive, by common participants, during overlapping time periods, to defraud a common victim by the same criminal means.[16]

Both schemes involved European Adoption Consultants' executives facilitating intercountry adoptions for financial gain by using arguably fraudulent and illegal means.[17] The United States alleges that in both schemes the co-defendants caused adoption clients to submit fraudulent information to the State Department to secure visa applications.[18]

The indictment also alleges that co-defendant Parris acted as a central participant in both schemes. She managed the agency's Uganda program and arranged for her relatives to take custody of the child adopted from Poland.[19] Robin Longoria, another agency employee, also participated in both schemes.[20] Finally, the two schemes were carried out over the same period.[21]

In *United States v. Johnson*, the Sixth Circuit approved joinder of a mail fraud count against one defendant with other counts against co-defendants arising out of a conspiracy to transport stolen motor vehicles because the schemes were logically interrelated.[22]

---

[16] Doc. 1-2.
[17] *Id.* at ¶¶ 7–8.
[18] It does not matter that the defendants in the Uganda scheme are charged with, *inter alia*, conspiring to commit visa fraud and the defendants in the Poland scheme are charged with, *inter alia*, conspiracy to defraud the United States as, "it is neither necessary nor sufficient under Rule 8(b) that the defendants be charged with the identical crimes. The focus is on the underlying acts that constitute criminal offenses." Marzano, 160 F.3d at 401.
[19] Doc. 1-2 at ¶¶ 17, 53–64.
[20] *Id.* at ¶¶ 17, 42, 57.
[21] *Id.* at ¶¶ 74, 76, 91.
[22] *United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985).

- 4 -

Case No. 1:20-cr-00424
GWIN, J.

For similar reasons, the Poland and Uganda schemes are logically interrelated. They arguably used a common fraud method (causing agency clients to submit false information to the State Department) and both used the same source (European Adoption Consultants). Also, like in *Johnson*, there were overlapping relationships between the co-defendants. In fact, the *Johnson* case seemingly involved more distinct charges than Cole's case.

Further, the Sixth Circuit strongly favors joinder in cases with "overlapping proof."[23] Several witnesses from the State Department will provide testimony about the State Department's role in adjudicating visa applications and regulating intercountry adoption providers.[24] Providing false and fraudulent information to the State Department and its regulating body is central to both schemes and involves overlapping proof.

Therefore, joinder under Rule 8(b) is proper.

### III. Joinder Under Fed. R. Crim. P. 14(a).

Co-defendants properly joined under Rule 8 may be severed pursuant to Rule 14(a) if a joint trial "appears to prejudice a defendant."[25] At this time, based on the parties' briefing, the Court reserves judgment on whether Defendant Cole has met her burden of showing specific and compelling prejudice such that severance is warranted. The Court will therefore deny the current motion to sever pursuant to Rule 14(a) without prejudice subject to refiling and review of the matter before trial.[26]

### IV. Conclusion

For the foregoing reasons, this Court **DENIES** the motion for misjoinder pursuant to Fed. R. Crim. P. 8(b) and **DENIES without prejudice** the motion for severance pursuant to Fed. R. Crim. P. 14(a).

---

[23] *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1985).

Case No. 1:20-cr-00424
GWIN, J.

    IT IS SO ORDERED.

Dated: October 22, 2021            *s/ James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE

---

[24] Doc. 1-2 at ¶¶ 7, 11, 16, 39–42, 56, 60, 63.
[25] Fed. R. Crim. P. 14(a).
[26] *See United States v. Buckner*, No. 19CR024-1, 2020 WL 5016803, at *3 (S.D. Ohio Aug. 25, 2020) (denying a motion to sever without prejudice subject to refiling and review of the matter before trial).