UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:20-cr-424 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 34, 41] |
| MARGARET COLE, et al., : | |
| : | |
| Defendant. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this decision, this Court decides whether an international adoption business that is no longer in operation may continue to claim attorney-client privilege over documents seized in a criminal investigation.

In this case, the government is using a filter team to prevent disclosure of potentially privileged material.[1] Now, the government seeks disclosure of a portion of the filter team's sequestered material. These materials are subject to an attorney-client privilege claim by European Adoption Consultants, an international adoption business that has shut down operations.[2] The government argues that European Adoption Consultants is now defunct, eliminating its attorney-client privilege right.[3]

European Adoption Consultants is not criminally charged and is not under criminal investigation.[4] Acting as an interested party, the corporation opposed the government's motion for disclosure.[5]

To decide whether privilege protects the documents, the Court considers three issues.

---

[1] Doc. 34 at 3.
[2] Doc. 38.
[3] Doc. 34 at 1.
[4] Doc. 1; Doc. 38-6.
[5] Doc. 38 at 1.

Case No. 1:20-cr-424
Gwin, J.

First, should federal or state privilege law apply? The federal courts majority rule denies attorney-client privilege to defunct corporations, while Ohio law does not. Second, can a defunct corporation claim attorney-client privilege? Finally, is European Adoption Consultants a defunct corporation?

For the reasons presented below, the Court **GRANTS** the government's motion for disclosure.

I. Background

   a. Debarment

European Adoption Consultants formerly operated as an Ohio-based international adoption business.[6] An administrative proceeding involving the company laid the groundwork for this criminal case. In 2016, the State Department reviewed a series of complaints about European Adoption Consultants.[7] The Department issued a notice of temporary debarment, effective December 16, 2016, that required European Adoption Consultants "to immediately cease engaging in intercountry adoptions."[8]

The State Department conducted a hearing the following year. After reviewing written submissions by the adoption company and the Department, the Hearing Officer issued findings.[9] According to her findings, the State Department proved that European Adoption Consultants committed fourteen separate violations of 42 U.S.C. § 14944 and 22 C.F.R. § 96, Subpart F.[10]

---

[6] *Eur. Adoption Consultants, Inc. v. Pompeo*, 18-CV-1676, 2020 WL 515959, at *1 (D.D.C. Jan. 31, 2020), *appeal dismissed*, 20-5053, 2020 WL 3406482 (D.C. Cir. May 28, 2020).
[7] *Id.*
[8] *Id.*
[9] *Id.* at *2.
[10] *Id.*

Case No. 1:20-cr-424
Gwin, J.

The District Court for the District of Columbia upheld the State Department findings.[11] European Adoption Consultants dropped its appeal of that decision.[12]

### b. Consent Decree

The Ohio Attorney General sued European Adoption Consultants after the business's debarment.[13] The Ohio Attorney General alleged that the company made false representations to adoptive families, board members, and intercountry adoption licensing agencies.[14] The Attorney General also alleged that, after the debarment, European Adoption Consultants failed to comply with federal regulations to refund client fees and transfer client records.[15]

The Ohio Attorney General and European Adoption Consultants entered into a consent decree to resolve the civil suit without liability admissions.[16] The decree declared that from that date forward, the business "shall exist only for the purposes of prosecuting claims of any kind it may have against others, defending itself against any claims, and litigating matters in connection with proceedings related to its debarment."[17] Within 30 days after the final resolution of all legal claims, the corporation was required to begin the dissolution process.[18]

### c. Criminal Case

After a State Department referral, the FBI began investigating European Adoption Consultants and its employees. That investigation led to the current criminal case involving

---

[11] *Id.* at *1.
[12] *Eur. Adoption Consultants, Inc. v. Pompeo*, No. 20-5053, 2020 WL 3406482 (D.C. Cir. May 28, 2020).
[13] Doc. 38-2.
[14] *Id.* at ¶¶ 8-19.
[15] *Id.* at ¶¶ 20-34.
[16] *Id.* at 13, ¶ 1.
[17] *Id.* at 14-15, ¶ 5.
[18] *Id.* at 15, ¶¶ 6-7.

Case No. 1:20-cr-424
Gwin, J.

three individual defendants. European Adoption Consultants' executive director, former employee, and former service provider were indicted for conspiracy and other related charges.[19] The charges stem from alleged schemes to defraud U.S. and foreign government agencies in connection with international adoptions.

The government also investigated European Adoption Consultants for possible criminal charges but closed that inquiry nearly a year ago.[20]

## II. Legal Standard

Federal Rule of Evidence 501 governs privilege claims. Under this rule, in federal criminal cases, "common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege" unless the federal Constitution, a federal statute, or rules prescribed by the Supreme Court provide an exception.[21] In other words, federal court decisions determine the parameters of evidentiary privilege in federal criminal cases.

"The purpose of attorney-client privilege is to ensure free and open communications between a client and his attorney."[22] When considering the scope of this privilege, "courts must ensure that the 'application of the privilege does not exceed that which is necessary to effect the policy considerations underlying the privilege.'"[23] The privilege is "narrowly construed" because it "operates to reduce the amount of information discoverable during the course of a lawsuit."[24]

---

[19] Doc. 1.
[20] Doc. 38-6.
[21] Fed. R. Evid. 501.
[22] *In re Grand Jury Subpoenas*, 454 F.3d 511, 519 (6th Cir. 2006).
[23] *Id.* (quoting *In re Grand Jury Investigation No. 83–2–35,* 723 F.2d 447, 451 (6th Cir.1983)).
[24] *In re Grand Jury Proc. Oct. 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996).

Case No. 1:20-cr-424
Gwin, J.

Corporations can invoke attorney-client privilege as clients.[25] "[F]or solvent corporations, the power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors."[26]

### III. Discussion

#### a. Federal Privilege Law Applies

The dispute over the government's motion for disclosure turns mainly on whether federal or state privilege law applies. Under Federal Rule of Evidence 501, federal cases govern privilege in criminal cases, while state law controls in civil cases where state law provides the rule of decision.[27]

European Adoption Consultants argues that Ohio law should apply because the corporation is not a defendant in this criminal case, making the government's motion the equivalent of a civil action.[28] This argument is unavailing. The Court applies the evidentiary rule for criminal cases because this is a criminal case.

Federal law governs the privilege issues in this case.

#### b. A Defunct Corporation Cannot Exercise Attorney-Client Privilege

In federal courts, the "weight of authority . . . holds that a dissolved or defunct corporation retains no privilege."[29] The Court finds that this majority rule is well-supported by the principles underlying attorney-client privilege.

---

[25] *Reed v. Baxter*, 134 F.3d 351, 356 (6th Cir. 1998) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389-90 (1981)).
[26] *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985).
[27] Fed. R. Evid. 501.
[28] Doc. 38 at 9.
[29] *S.E.C. v. Carrillo Huettel LLP*, No. 13 CIV. 1735, 2015 WL 1610282, at *2 (S.D.N.Y. Apr. 8, 2015) (collecting cases); *see also Off. Comm. of Admin. Claimants ex rel. LTV Steel Co. v. Moran*, 802 F. Supp. 2d 947, 948-49 (N.D. Ill. 2011) (collecting cases) ("Attorney-client privilege survives the death of a client if the client is a natural person, but the weight of authority suggests otherwise if the client is a corporation.").

Case No. 1:20-cr-424
Gwin, J.

Attorney-client privilege goes only as far as the policy interests supporting the rule require. Once a corporation becomes defunct, the policy interests supporting shielded communications fall away. "[T]he need to promote full and frank exchanges between an attorney and agents of his corporate clients disappears when the corporation employing those clients has departed."[30] "No real purpose would be served by continuing the privilege after operations cease, as the corporation would no longer have any goodwill or reputation to maintain."[31]

### c. European Adoption Consultants Is a Defunct Corporation

European Adoption Consultants is defunct because of its consent decree with the Ohio Attorney General. The consent decree allowed the business to exist solely for the purpose of settling legal claims.[32] After concluding those claims, the corporation was required to dissolve. European Adoption Consultants has an uncollected money judgment award, granted in 2016 prior to the debarment, that the corporation has not enforced.[33] The business's claims against the State Department were resolved in favor of the State Department, and that decision is now final.[34]

In 2017 and 2018 reports to the Ohio Attorney General, European Adoption Consultants reported no revenue, expenses, or assets.[35]

---

[30] *Trading Techs. Int'l, Inc. v. GL Consultants, Inc.*, Nos. 05–4120, 05-5164, 2012 WL 874322, at *4 (N.D. Ill. Mar. 14, 2012).

[31] *TAS Distrib. Co. v. Cummins Inc.*, No. 07-1141, 2009 WL 3255297, at *2 (C.D. Ill. Oct. 7, 2009) (quoting *City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1200 (C.D. Cal. 2007)).

[32] Doc. 38-2 at 14-15, ¶¶ 5-7.

[33] Doc. 38-1 at 20. Counsel declared an intent to file a foreclosure action, Doc. 38-1 at 2, but the judgment docket reflects no activity since the 2016 award. *Ashtabula County Ohio Courts System*, http://courts.co.ashtabula.oh.us (last visited October 29, 2021). Counsel also does not explain why the judgment has not been enforced for over five years.

[34] *Eur. Adoption Consultants, Inc. v. Pompeo*, 18-CV-1676, 2020 WL 515959, at *1 (D.D.C. Jan. 31, 2020), *appeal dismissed*, 20-5053, 2020 WL 3406482 (D.C. Cir. May 28, 2020).

[35] Doc. 34-3.

Case No. 1:20-cr-424
Gwin, J.

Assessing whether a corporation is defunct for purposes of attorney-client privilege "should be based primarily on the practical realities of the business rather than technical legal status."[36] Like corporations found defunct in other cases, European Adoption Consultants has no assets, liabilities, or employees.[37]

European Adoption Consultants is defunct and as a result, the corporation can no longer claim attorney-client privilege.

### d. Motion to File a Sur-Reply

European Adoption Consultants moved to file a sur-reply to the government's reply brief. The Court denies the motion. The government did not raise new issues in the reply brief that create good cause for filing a sur-reply.[38]

## IV. Conclusion

For the stated reasons, the Court **GRANTS** the government's motion for disclosure. The filter team should disclose materials that have been sequestered solely because of European Adoption Consultants' attorney-client privilege claim. This order does not apply to any material sequestered because of privilege claims by any Defendants.

The Court **DENIES** European Adoption Consultants' motion to file a sur-reply.

IT IS SO ORDERED

Dated: October 29, 2021         s/    James S. Gwin
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[36] *Gilliland v. Geramita*, No. 2:05-CV-01059, 2006 WL 2642525, at *2 (W.D. Pa. Sept. 14, 2006).
[37] *Lewis v. United States*, No. 02-2958, 2004 WL 3203121, at *4 (W.D. Tenn. Dec. 7, 2004), *aff'd*, No. 02-2958B, 2005 WL 1926655 (W.D. Tenn. June 20, 2005). European Adoption Consultants reported that after the debarment, it "shut down all operations and terminate[d] its employees." Doc. 34-2 at ¶ 16.
[38] *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010).