UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

UNITED STATES OF AMERICA,           :
                                    :          Case No. 1:20-cr-424
          Plaintiff,                :
                                    :
vs.                                 :          OPINION & ORDER
                                    :          [Resolving Doc. 86]
MARGARET COLE, et al.,              :
                                    :
          Defendant.                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 29, this Court granted the government's motion to disclose documents held by the government's filter team in this criminal case involving intercountry adoptions.[1] The government seized the documents while executing two search warrants.[2] European Adoption Consultants—an adoption business that is no longer operating—claimed attorney-client privilege over more than 200,000 documents.[3] Following the rule that a majority of federal courts have adopted, this Court held that European Adoption Consultants was defunct and could no longer claim the privilege.

Now, the defunct corporation, European Adoption Consultants, moves to stay the Disclosure Order pending appeal.[4] With this decision, this Court determines whether European Adoption Consultants meets its burden to justify a stay. The Court considers whether: (1) the corporation is likely to prevail on the merits on appeal, (2) whether the corporation will suffer irreparable harm without a stay; (3) whether a stay would harm other interested parties; and (4) whether public interest favors a stay.

---

[1] Doc. 84.
[2] Doc. 82 at 3-4.
[3] Doc. 90-1.
[4] Doc. 86.

Case No. 1:20-cr-424
Gwin, J.

For the reasons presented below, the Court **DENIES** European Adoption Consultants'
motion for a stay pending appeal.

## I.    Background

### a.  Debarment

European Adoption Consultants formerly operated as an Ohio-based international
adoption business.[5]  An administrative proceeding involving the corporation preceded this
criminal case.  In 2016, the State Department reviewed a series of complaints about European
Adoption Consultants.[6]  The Department issued a notice of temporary debarment, effective
December 16, 2016, that required European Adoption Consultants "to immediately cease
engaging in intercountry adoptions."[7]

The State Department conducted a hearing the following year.  After reviewing
written submissions by the adoption corporation and the Department, the Hearing Officer
issued findings.[8]  According to her findings, the State Department proved that European
Adoption Consultants committed fourteen separate violations of 42 U.S.C. § 14944 and 22
C.F.R. § 96, Subpart F.[9]

The District Court for the District of Columbia upheld the State Department findings.[10]
European Adoption Consultants abandoned its appeal of that decision.[11]

### b.  Consent Decree

The Ohio Attorney General sued European Adoption Consultants after the

---

[5] *Eur. Adoption Consultants, Inc. v. Pompeo*, 18-CV-1676, 2020 WL 515959, at *1 (D.D.C. Jan. 31, 2020), *appeal dismissed*, 20-5053, 2020 WL 3406482 (D.C. Cir. May 28, 2020).
[6] *Id.*
[7] *Id.*
[8] *Id.* at *2.
[9] *Id.*
[10] *Id.* at *1.
[11] *Eur. Adoption Consultants, Inc. v. Pompeo*, No. 20-5053, 2020 WL 3406482 (D.C. Cir. May 28, 2020).

Case No. 1:20-cr-424
Gwin, J.

corporation's debarment.[12]  The Ohio Attorney General alleged that the corporation made false representations to adoptive families, board members, and intercountry adoption licensing agencies.[13]  The Attorney General also alleged that, after the debarment, European Adoption Consultants failed to comply with federal regulations to refund client fees and transfer client records.[14]

The Ohio Attorney General and European Adoption Consultants entered into a consent decree to resolve the civil suit without liability admissions.[15]  The decree declared that from that date forward, the corporation "shall exist only for the purposes of prosecuting claims of any kind it may have against others, defending itself against any claims, and litigating matters in connection with proceedings related to its debarment."[16]  Within 30 days after the final resolution of all legal claims, the corporation was required to begin the dissolution process.[17]

### c.  Criminal Case

After a State Department referral, the FBI investigated European Adoption Consultants and its employees.  That investigation led to the current criminal case against three individual defendants.  European Adoption Consultants' former executive director, former employee, and former service provider were indicted for conspiracy and other related charges.[18]  The charges stem from alleged schemes to defraud U.S. and foreign government agencies in connection with international adoptions.

---

[12] Doc. 38-2.
[13] *Id.* at ¶¶ 8-19.
[14] *Id.* at ¶¶ 20-34.
[15] *Id.* at 13, ¶ 1.
[16] *Id.* at 14-15, ¶ 5.
[17] *Id.* at 15, ¶¶ 6-7.
[18] Doc. 1.

-3-

Case No. 1:20-cr-424
Gwin, J.

The government also investigated European Adoption Consultants for possible criminal charges but closed that inquiry nearly a year ago.[19]

### d.  This Court's Order

European Adoption Consultants claimed attorney-client privilege over thousands of documents the government seized in its criminal investigation.[20]  The government's filter team then sequestered those documents, preventing disclosure to the prosecution team.  In December 2020, several years after European Adoption Consultants shut down operations,[21] the government moved to disclose the documents.[22]  The government argued that European Adoption Consultants was defunct, eliminating its privilege claim.

European Adoption Consultants, acting as an interested party, opposed the government's motion.[23]  European Adoption Consultants argued that it was not yet defunct because the corporation had an uncollected money judgment and planned to file another suit against the State Department.[24]

This Court granted the government's motion for disclosure.[25]  In the Disclosure Order, the Court adopted the federal court majority rule: defunct corporations cannot exercise attorney-client privilege.[26]  The Court found that European Adoption Consultants was defunct under its consent decree with the Ohio Attorney General.  The Court supported this finding

---

[19] Doc. 38-6.

[20] Doc. 34 at 4.

[21] The corporation reported no revenue, assets, or expenses in 2017 and 2018. Doc. 34-4.  In a 2018 federal court filing, European Adoption Consultants reported that after the debarment, it "shut down all operations and terminate[d] its employees." Doc. 34-2 at ¶ 16.

[22] Doc. 34.

[23] Doc. 38.

[24] *Id.* at 3.

[25] Doc. 84 (Disclosure Order).

[26] *Id.* at 5 (*citing S.E.C. v. Carrillo Huettel LLP,* No. 13 CIV. 1735, 2015 WL 1610282, at *2 (S.D.N.Y. Apr. 8, 2015)* (collecting cases); *Off. Comm. of Admin. Claimants ex rel. LTV Steel Co. v. Moran,* 802 F. Supp. 2d 947, 948-49 (N.D. Ill. 2011)* (collecting cases)).

Case No. 1:20-cr-424
Gwin, J.

with evidence showing that, since 2017, the corporation had reported no revenue, expenses, assets, or employees.[27]

## II.   Legal Standard

Granting a stay pending appeal is "an exercise of judicial discretion," not a "matter of right."[28] "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."[29]

Courts look to four factors to guide their discretion in granting a stay: (1) "the movant's likelihood of success on appeal"; (2) "whether irreparable injury to the movant will result in the absence of a stay"; (3) "prospective harm to others if a stay is granted"; and (4) "the public's interest in granting a stay."[30]  The first two factors "are the most critical."[31]

"The strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue."[32]  At a minimum, to justify a stay, the movant must demonstrate "serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted."[33]

## III.   Discussion

### a.   Likelihood of Success on the Merits

European Adoption Consultants fails to show a strong likelihood of success on the

---

[27] *Id.* at 6-7 (citing Doc. 38-2; Doc. 34-3; Doc. 34-2); *see also* Doc. 34-4.
[28] *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).
[29] *Id.* at 434.
[30] *Dodds v. U.S. Dep't of Educ.*, 845 F.3d 217, 220 (6th Cir. 2016)
[31] .*d.* at 221 (quoting *Nken*, 556 U.S. at 434).
[32] *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).
[33] *Id.*; *see also A. Philip Randolph Inst. v. Husted*, 907 F.3d 913, 919 (6th Cir. 2018) (explaining the relationship between the stay factors).

Case No. 1:20-cr-424
Gwin, J.

merits.  The corporation also fails to show serious questions going to the merits, falling short

of this lower standard applicable to movants showing clear irreparable harm.

European Adoption Consultants addresses the merits of the Court's order in a short

paragraph citing no legal authority.[34]  The corporation argues that "this matter should have

been decided in a civil proceeding," but cites no authority supporting this claim.[35]  European

Adoption Consultants also provides no support for its claim that "federal law dictates that the

privilege should be retained."[36]

In the Disclosure Order, the Court held that the federal court majority rule denies

attorney-client privilege to defunct corporations.[37]  European Adoption Consultants does not

engage with that conclusion or cite any authority suggesting that this Court's decision will

be overturned on appeal.

The Court also found that European Adoption Consultants is defunct.  In its motion,

the corporation did not challenge that finding.

European Adoption Consultants does not show a strong likelihood of success on the

merits or serious questions going to the merits.  The corporation cites no legal authority and

does not discuss the Court's holding, that defunct corporations cannot exercise attorney-

client privilege.  European Adoption Consultants does not challenge (or even mention) the

Court's factual finding that it is a defunct corporation.  The corporation fails to show a

likelihood of success on appeal.

### b.  Irreparable Harm

---

[34] Doc. 86 at 2-3.
[35] *Id.* at 3.
[36] *Id.*
[37] Doc. 84 at 5-6.

Case No. 1:20-cr-424
Gwin, J.

European Adoption Consultants does not show that it will suffer irreparable harm absent a stay.

Like other federal courts adopting the majority rule on defunct corporations' privilege, the Court based its Disclosure Order reasoning on the public policy concerns underlying attorney-client privilege.[38]  Once a corporation is defunct, the "need to promote full and frank exchanges" disappears,[39] and the corporation "no longer [has] any goodwill or reputation to maintain."[40]

European Adoption Consultants does not explain how a corporation that shut down operations can be irreparably harmed by document disclosure.  And European Adoption consultants does not give a clue how attorney-client privilege would apply to the more than 200,000 documents it seeks to stop disclosure of.

Attorney-client privilege may be invoked for: "(1) a communication; (2) made between privileged persons; (3) in confidence; (4) for the purpose of obtaining or providing legal assistance for the client."[41]  To qualify for the privilege, the communication must occur with a lawyer acting as a "professional legal adviser," giving legal advice.[42]

European Adoption Consultants argues that the communications at issue here are privileged because they involve communications with 18 foreign attorneys who helped to facilitate intercountry adoptions.[43]  Yet it appears that many or most of the communications

---

[38] Doc. 84 at 5-6.
[39] *Trading Techs. Int'l, Inc. v. GL Consultants, Inc.*, Nos. 05–4120, 05-5164, 2012 WL 874322, at *4 (N.D. Ill. Mar. 14, 2012).
[40] *TAS Distrib. Co. v. Cummins Inc.*, No. 07-1141, 2009 WL 3255297, at *2 (C.D. Ill. Oct. 7, 2009) (quoting *City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1200 (C.D. Cal. 2007)).
[41] Restatement (Third) of the Law Governing Lawyers § 68 (2000).
[42] *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998).
[43] Doc. 38 at 5.

Case No. 1:20-cr-424
Gwin, J.

involved administrative or business tasks, rather than legal advice.[44]  For example, many email subject lines on the log reference administrative tasks such as translations and invoice payments.  The government also argues that at least one of the attorneys involved in the communications was not licensed in the country where she worked, requiring European Adoption Consultants to engage separate legal counsel for court appearances.[45]

The communications may not meet the elements for attorney-client privilege, further reducing the likelihood of irreparable harm.  Even those documents that do meet the elements could be subject to the crime-fraud exception.[46]  Co-Defendant Dorah Mirembe is an attorney, and her communications are among the sequestered documents.

The corporation argues that it could be irreparably harmed because the government could reopen its criminal investigation into the corporation.[47]  Yet the government closed its investigation almost a year ago.[48]  The executive director is already criminally charged, one former employee is also charged, and one former employee already pled guilty to criminal charges.[49]  It is very unlikely that the United States would reopen a criminal investigation of a non-operating corporation without assets or employees that is required to dissolve as soon as it concludes legal proceedings.  While it is possible for the government to reopen the criminal investigation long after closing it, the possibility appears remote given European Adoption Consultants' defunct status.

Beyond the possibility of a reopened criminal investigation, European Adoption

---

[44] The Court reviewed a privilege log from the filter team that was distributed to counsel and the Court.  The log was not publicly filed because unindicted individuals were listed on the communications.

[45] Doc. 34 at 5-6.

[46] *Id.* at 4 n.1.

[47] Doc. 86 at 3.

[48] Doc. 38-6.

[49] Doc. 1; Order Accepting Guilty Plea, *United States v. Longoria*, No. 19-cr-482 (N.D. Ohio Oct. 9, 2019), Doc. 15.

Case No. 1:20-cr-424
Gwin, J.

Consultants does not argue any other form of irreparable harm. The corporation cites cases holding that disclosing privileged communications can cause irreparable harm.[50] But those cases involved an actively operating corporation and an individual criminal defendant.[51] European Adoption Consultants does not explain how a corporation no longer in operation can suffer similar harm, nor does it cite any authority recognizing attorney-client privilege for a defunct corporation.

European Adoption Consultants does not show that it will be irreparably injured without a stay of the Disclosure Order.

### c. Prospect of Stay Harming Other Interested Parties

European Adoption Consultants argues that a stay would cause only "minimal" harm to the parties in this criminal case because, to its knowledge, "no party raised any concern that this information was imminently needed" while the motion for disclosure was pending.[52] Opposing the motion, the government argues that a stay "could delay the Government's ability to complete discovery," resulting in trial delays.

The Court finds that granting a stay would harm government and the Defendants by delaying trial. This factor does not weigh heavily in the analysis, but it reinforces the Court's conclusion that European Adoption Consultants does not meet its burden to justify a stay.

### d. Public Interest

European Adoption Consultants does not show that granting a stay serves the public interest. The corporation argues that the attorney-client privilege serves an important role in

---

[50] *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 175 (4th Cir. 2019); *In re Lott*, 424 F.3d 446, 451-52 (6th Cir. 2005).

[51] *In re Search Warrant*, 942 F.3d at 164; *In re Lott*, 424 F.3d at 447.

[52] Doc. 87 at 3-4.

Case No. 1:20-cr-424
Gwin, J.

the legal system.  This is true.  But European Adoption Consultants does not argue and does not show that a defunct corporation retains the privilege or that the public interest would support such a rule.

All privileges reduce truth-assisting fact finding by limiting information available to the jury.  In some circumstances, the trade-off makes sense.  But attorney-client privilege must be "strictly construed" because it "operates to reduce the amount of information discoverable during the course of a lawsuit."[53]  The scope of the privilege "does not exceed that which is necessary to effect the policy considerations underlying the privilege": "free and open communications between a client and his attorney."[54]

For a corporation with no income, no employees, no prospect of coming back, the attorney-client privilege application cannot be justified.  European Adoption Consultants shows no public interest in granting a stay.

The public does, however, have an interest in a fair trial without unnecessary delay on these serious charges related to intercountry adoptions.

European Adoption Consultants does not meet its burden to show that public interest favors a stay pending appeal.

## IV.    Conclusion

For the stated reasons, the Court **DENIES** European Adoption Consultants' motion for an emergency stay of the Court's October 29 Disclosure Order.

IT IS SO ORDERED

Dated:  November 12, 2021               s/      James S. Gwin

---

[53] *In re Grand Jury Proc. Oct. 12, 1995,* 78 F.3d 251, 254 (6th Cir. 1996).
[54] *In re Grand Jury Subpoenas,* 454 F.3d 511, 519 (6th Cir. 2006) (quoting *In re Grand Jury Investigation No. 83–2–35,* 723 F.2d 447, 451 (6th Cir.1983)).

Case No. 1:20-cr-424
Gwin, J.

JAMES S. GWIN
UNITED STATES DISTRICT JUDGE