```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
-------------------------------------------------------

UNITED STATES OF AMERICA,      :
                                              :    Case No. 1:20-cr-424
    Plaintiff,                         :
                                              :
vs.                                           :    OPINION & ORDER
                                              :    [Resolving Doc. 75]
MARGARET COLE,                    :
                                              :
    Defendant.                       :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The United States indicted Defendant Margaret Cole for conspiracy to defraud the United States and alleged false statements to an adoption accrediting entity and a Polish government agency.[1]  Defendant Cole moves to dismiss the indictment.[2]  The government opposes the motion.[3]  Defendant Cole replies.[4]

To decide whether to dismiss the indictment, the Court considers whether the indictment sufficiently alleges a conspiracy to defraud the United States.  In particular, the Court must decide whether the reasoning in an earlier Sixth Circuit tax fraud case applies to Defendant Cole's case.  In addition, the Court considers whether the indictment states sufficient allegations to maintain two false statement charges

For the reasons presented below, the Court **DENIES** Defendant Cole's motion to dismiss.

I.    **Background**

Defendant Cole ran an international adoption business, European Adoption

---

[1] Doc. 1.
[2] Doc. 75.
[3] Doc. 80.
[4] Doc. 88.

Case No. 1:20-cr-424
Gwin, J.

Consultants. An administrative proceeding involving that company laid the groundwork for this criminal case.

In 2016, the State Department reviewed a series of complaints about European Adoption Consultants.[5] After the review, the State Department temporarily disbarred European Adoption Consultants from continued adoption services, requiring the company "to immediately cease engaging in intercountry adoptions."[6]

The State Department conducted a hearing the following year. After reviewing written submissions by the adoption company and the Department, the Hearing Officer issued findings.[7] According to her findings, the State Department proved that European Adoption Consultants committed fourteen separate violations of 42 U.S.C. § 14944 and 22 C.F.R. § 96, Subpart F.[8] The District Court for the District of Columbia upheld these findings.[9]

A grand jury indicted Defendant Cole in 2020.[10] The grand jury charged Defendant Cole with three crimes: (1) conspiracy to defraud the United States in violation of 18 U.S.C. § 371, (2) false statement to the Council on Accreditation in violation of 42 U.S.C. § 14944, and (3) false statement to the Polish Central Authority in violation of 42 U.S.C. § 14944.[11] As part of the first charge against Defendant Cole--conspiracy to defraud the United States—

---

[5] *European Adoption Consultants, Inc. v. Pompeo*, 18-CV-1676, 2020 WL 515959, at *1 (D.D.C. Jan. 31, 2020), *appeal dismissed*, 20-5053, 2020 WL 3406482 (D.C. Cir. May 28, 2020).
[6] *Id.*
[7] *Id.* at *2.
[8] *Id.*
[9] *Id.* at *1.
[10] Doc. 1.
[11] *Id.* at ¶¶ 90-98.

Case No. 1:20-cr-424
Gwin, J.

the indictment alleged that Defendant Cole defrauded the State Department and the Council on Accreditation.[12]

Defendant Cole earlier moved for a bill of particulars.[13] With that earlier motion, Cole argued that the indictment did not provide sufficient notice of the charges and did not disclose a duty to disclose sufficient to support the conspiracy to defraud charge. This Court denied the motion, holding that the indictment sufficiently identified the alleged criminal conduct.[14]

This Court also denied Defendant Cole's motion to suppress the evidence against her.[15]

In addition, Defendant Cole moved for an order compelling the government to identify documents favorable to her case among the previously produced documents.[16] This Court denied the motion but ordered the government to assist Defendant Cole's trial preparations by identifying a preliminary trial exhibit list two months before trial.[17]

II.   **Legal Standard**

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."[18] The indictment must "set out each element of the statutory violation in order to sufficiently inform the defendant of the offense against which she must defend."[19] The

---

[12] *Id.* at ¶¶ 93-94.
[13] Doc. 26.
[14] Doc. 79.
[15] Doc. 82.
[16] Doc. 49.
[17] Doc. 94.
[18] Fed. R. Crim. P. 7(c)(1).
[19] *United States v. Salisbury*, 983 F.2d 1369, 1373 (6th Cir.1993).

-3-

Case No. 1:20-cr-424
Gwin, J.

indictment also must state facts that inform the accused of the specific charged offense.[20]

When considering a motion to dismiss, courts read the indictment "as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications."[21]  The indictment must be "construed liberally in favor of its sufficiency."[22]

### III.  Discussion

This Court denies Defendant Cole's motion to dismiss because the indictment adequately sets out statutory violations and states sufficient facts to provide notice to Defendant Cole of the charged offenses.

#### a.  Count 11: Conspiracy to Defraud Charge

Defendant Cole argues that Count 11 of the indictment does not state a conspiracy to defraud under 18 U.S.C. § 371 because (1) the government could have charged the conduct under a more specific statute, (2) the indictment does not state that Defendant Cole violated a duty to disclose, and (3) the indictment does not specify a government agency that Defendant Cole allegedly defrauded.[23]  These arguments do not justify dismissing the indictment.

First, the government may charge Defendant Cole with conspiracy to defraud the United States.  Defendant Cole argues that the government cannot charge her with a conspiracy to defraud because a more specific statute, 42 U.S.C. § 14944, applies to the alleged conduct.  To support this argument, Defendant Cole relies on *United States v.*

---

[20] *United States v. Coss*, 677 F.3d 278, 288 (6th Cir. 2012).
[21] *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007).
[22] *Id.*
[23] Doc. 75 at 2.

-4-

Case No. 1:20-cr-424
Gwin, J.

*Minarik*, 875 F.2d 1186 (6th Cir. 1989). In that case, the Sixth Circuit held that where a specific statute defined a tax fraud offense, the government was required to prosecute the crime under the "offense" clause of 18 U.S.C. § 371 rather than the "defraud" clause.[24] Defendant Cole argues that this case prohibits the "defraud" clause charge against her.

The Sixth Circuit's *Minarik* decision does not apply to this case. In subsequent cases, the Sixth Circuit has repeatedly limited *Minarik* to its specific factual background.[25] Those facts are not present here.

In *Minarik*, the government relied on "significantly dissimilar" theories of the case that changed repeatedly between the indictment and trial, "present[ing] defendants with a moving target" for trial preparations.[26] Unlike the *Minarik* defendant, Defendant Cole does not argue that the government is prejudicing her ability to prepare for trial by shifting the government's theory of the case. This case is also distinct from *Minarik* because this case involves broader allegations, not one discrete act.[27]

Because *Minarik* does not apply here, the general rule controls: where two statutes potentially apply, the government may decide which charge to present to the grand jury.[28]

Second, the indictment sufficiently alleges that Defendant Cole violated a duty to disclose information to the government. The indictment describes the obligation of adoption agencies to disclose information to both the Council on Accreditation and the Polish Central

---

[24] *United States v. Minarik*, 875 F.2d 1186, 1196 (6th Cir. 1989).
[25] *United States v. Kraig*, 99 F.3d 1361, 1367 (6th Cir. 1996) (collecting cases); *United States v. Tipton*, 269 F. App'x 551, 556 (6th Cir. 2008).
[26] *Minarik*, 875 F.2d at 1189.
[27] *See United States v. Sturman*, 951 F.2d 1466, 1473 (6th Cir. 1991) (holding that *Minarik* does not apply because the "conspiracy alleged and proven here was broader than a violation of a specific statute"); *see also Tipton*, 269 F. App'x at 556 (distinguishing *Minarik* because that case involved "one limited act" of concealment).
[28] *United States v. Howell*, 17 F.4th 673, 687 (6th Cir. 2021); *United States v. Marshall*, 736 F.3d 492, 501 (6th Cir. 2013).

-5-

Case No. 1:20-cr-424
Gwin, J.

Authority.[29] The indictment also identifies the State Department processes affected by the alleged conspiracy.[30] In addition, the indictment alleges that Defendant Cole and her co-conspirators "failed to inform the Council on Accreditation, the State Department, and the Polish Central Authority" that the adoption agency facilitated a transfer of an adoptive child to an unapproved home, "notwithstanding its obligations under federal regulations to do so."[31] The indictment also alleges that Defendant Cole submitted a letter and two reports with false statements.[32] These indictment allegations give Defendant Cole notice of the disclosure duty she allegedly violated.

Finally, the indictment sufficiently alleges that Defendant Cole defrauded a government agency. The indictment alleges that Defendant Cole defrauded the State Department.[33] These allegations defeat Defendant Cole's argument that the indictment only alleges fraud against the Council on Accreditation.

Count 11 sufficiently alleges that Defendant Cole violated 18 U.S.C. § 371 through a conspiracy to defraud the United States.

### b. Counts 12 and 13: False Statement Charges

Defendant Cole argues that the Court should dismiss Counts 12 and 13—the charges for making false statements to the Council on Accreditation and to the Polish Central Authority. Cole argues the indictment does not state statutory violations.[34]

The indictment sufficiently describes allegedly false statements that could violate

---

[29] Doc. 1 at ¶¶ 43, 45.
[30] *Id.* at ¶ 44.
[31] *Id.* at ¶ 60.
[32] *Id.* at ¶¶ 63, 69, 72.
[33] *Id.* at ¶¶ 93-94.
[34] Doc. 75 at 10-12.

-6-

Case No. 1:20-cr-424
Gwin, J.

42 U.S.C. § 14944. This statute imposes criminal penalties on any person who "knowingly and willfully" "makes a false or fraudulent statement, or misrepresentation, with respect to a material fact . . . intended to influence or affect in the United States or a foreign country . . . a decision by an accrediting entity" or by "any entity performing a central authority function."[35]

For Count 12, false statement to the Council on Accreditation, the indictment alleges that Defendant Cole "knowingly and willingly" submitted a false report to the Council with misstatements about the adoption agency's compliance with reporting requirements and misstatements regarding a adoptive child's placement when the placement was not to an approved home.[36] The indictment lists specific misstatements in the two reports.[37] For Count 13, false statement to the Polish Central Authority, the indictment specifies a particular letter containing false statements, alleging that Defendant Cole "knowingly and willfully" submitted these misstatements.[38]

In addition to specifying alleged misstatements, the indictment also includes specific allegations relating to Defendant Cole's knowledge.[39]

Counts 12 and 13 sufficiently state statutory violations.

IV. **Conclusion**

For the stated reasons, the Court **DENIES** Defendant Cole's motion to dismiss the indictment.

---

[35] 42 U.S.C. § 14944; *see also United States v. Mooney*, 761 F. App'x 213, 218 (4th Cir. 2019) (describing the elements of the statutory violation).
[36] Doc. 1 at ¶ 96.
[37] *Id.* at ¶¶ 63, 69.
[38] *Id.* at ¶¶ 72, 98.
[39] *Id.* at ¶¶ 51-53, 59-61.

Case No. 1:20-cr-424
Gwin, J.

IT IS SO ORDERED


Dated: January 5, 2022             *s/    James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE