UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
UNITED STATES OF AMERICA, :
: Case No. 1:20-cr-424
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 107]
MARGARET COLE, :
:
    Defendant. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The United States has indicted Defendant Margaret Cole for conspiracy to defraud the United States and alleged false statements to an adoption accrediting entity and a Polish government agency.[1] The State Department made an administrative decision involving Defendant Cole's adoption company before this criminal case.

Because the State Department started the investigation that led to Defendant Cole's indictment, this Court previously held that the State Department is considered part of the prosecution team for discovery and *Brady* purposes.[2]

Following this Court's order, the government directed the State Department to provide any remaining undisclosed documents related to Defendant Cole's adoption company.[3] The State Department disclosed two additional communications in full, along with three partially redacted communications.[4] The State Department claimed deliberative process privilege over the redacted portions.[5]

---

[1] Doc. 1.
[2] Doc. 94-1.
[3] Doc. 104.
[4] *Id.* at 2.
[5] Doc. 107-1.

Case No. 1:20-cr-424
Gwin, J.

The government disclosed the communications and the State Department privilege log to Defendant Cole.[6]

Now, Defendant Cole moves to compel the State Department to produce unredacted document portions.[7] Defendant Cole argues that the communications are factual rather than deliberative, placing them outside the scope of the deliberative process privilege.[8] Defendant Cole also argues that even if the document portions qualify for the deliberate process privilege, her due process rights outweigh the government's privilege.[9]

The government responded that it has not seen the redacted portions and cannot characterize what the redacted portion of the documents involve.[10] The government does not oppose *in camera* review of the documents.[11]

For the reasons presented below, the Court **ORDERS** the State Department to provide the documents for *in camera* review.

### I. Background

Defendant Cole ran an international adoption business, European Adoption Consultants. An administrative proceeding involving that company laid the groundwork for this criminal case. In 2016, the State Department reviewed a series of complaints about European Adoption Consultants.[12] The Department issued a notice of temporary debarment, requiring the company "to immediately cease engaging in intercountry adoptions."[13]

---

[6] Doc. 104.
[7] Doc. 107.
[8] *Id.* at 6-7.
[9] *Id.* at 7-8.
[10] Doc. 110.
[11] *Id.* at 2.
[12] *European Adoption Consultants, Inc. v. Pompeo*, 18-CV-1676, 2020 WL 515959, at *1 (D.D.C. Jan. 31, 2020), *appeal dismissed*, 20-5053, 2020 WL 3406482 (D.C. Cir. May 28, 2020).
[13] *Id.*

Case No. 1:20-cr-424
Gwin, J.

The State Department conducted a hearing the following year. After reviewing written submissions by the adoption company and the Department, the Hearing Officer issued findings.[14] According to her findings, the State Department proved that European Adoption Consultants committed fourteen separate violations of 42 U.S.C. § 14944 and 22 C.F.R. § 96, Subpart F.[15] The District Court for the District of Columbia upheld these findings.[16]

The State Department communications at issue for Defendant Cole's motion relate to the State Department investigation and debarment decision.[17]

## II. Discussion

The deliberative process privilege applies to "documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which Government decisions and policies are formulated."[18] Material only qualifies for the privilege if it is (1) "predecisional"; and (2) "deliberative."[19]

"The deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need."[20] Courts evaluate need "flexibly on a case-by-case, ad hoc basis."[21] Courts consider factors such as relevance, "the availability of other evidence, the seriousness of the litigation, the role of the government, and the possibility of future timidity by government employees."[22]

---

[14] *Id.* at *2.
[15] *Id.*
[16] *Id.* at *1.
[17] Doc. 107 at 6-8.
[18] *Dep't of Int. v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (quoting *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)).
[19] *Loving v. Dep't of Def.*, 550 F.3d 32, 38 (D.C. Cir. 2008) (quotation marks omitted).
[20] *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997).
[21] *Id.*
[22] *Id.* at 737-38 (quotation marks omitted).

Case No. 1:20-cr-424
Gwin, J.

Where parties dispute the validity of a privilege claim, district courts can order *in camera* inspection to rule on validity, document by document.[23] Here, the government does not oppose *in camera* review to assess the State Department's deliberative process claim over the communications.[24]

The Court orders the State Department to produce the communications over which it claims privilege. The Court will review the communications *in camera*. The Court's *in camera* inspection will focus on three issues: (1) whether the deliberative process privilege applies; (2) whether Defendant Cole's need outweighs the government privilege over the materials; (3) whether the withheld materials are relevant to Cole's defense; and (3) whether the materials are exculpatory, requiring disclosure to Defendant Cole.

### III. Conclusion

For the stated reasons, the Court **ORDERS** the State Department to provide the unredacted communications for *in camera* review. The State Department should provide digital copies through an email to this Court's courtroom deputy.

IT IS SO ORDERED

Dated: January 20, 2022            *s/    James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[23] *United States v. Grable,* 98 F.3d 251, 257 (6th Cir. 1996).
[24] Doc. 110 at 2.