UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
UNITED STATES OF AMERICA,  :
: Case No. 1:20-cr-424
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 109]
MARGARET COLE, :
:
    Defendant. :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The United States indicted Defendant Margaret Cole for conspiracy to defraud the United States and alleged false statements to an adoption accrediting entity and a Polish government agency.[1] The Court has set a February 9, 2022 trial date.

Now, the government moves to call a Poland-based witness for trial testimony and asks for an order to allow the testimony by two-way closed-circuit television.[2] Alternatively, the government requests a foreign deposition under Federal Rule of Criminal Procedure 15.

The government's proposed witness is a Polish government official. The Polish governmental official witness is beyond this Court's subpoena power and the witness cannot travel internationally because of single-parent family obligations and post-travel COVID-19-related quarantine requirements.

Defendant Cole opposes the government's motion.[3] Defendant Cole argues that videoconference testimony would violate her right to physical face-to-face confrontation.[4]

---

[1] Doc. 1.
[2] Doc. 109.
[3] Doc. 114.
[4] *Id.* at 2-3.

Case No. 1:20-cr-424
Gwin, J.

She also argues that the government does not meet its burden to justify a Rule 15 foreign deposition.[5]

The Court heard oral argument from both sides at a status conference.[6]

For the reasons presented below, the Court **DENIES** the government's motion to offer a witness for closed-circuit television testimony. The Court **GRANTS** the government's requested alternative, a Rule 15 foreign deposition.

Defendant Cole may decide whether the Rule 15 deposition will take place through videoconference or in person in Poland. The Court **ORDERS** Defendant Cole notify the government attorney by January 26, 2022 if Cole elects to have the testimony taken in person.

If Cole chooses to have a deposition rather than live closed-circuit television testimony, the government will advise Defendant Cole and the Court of the witness's deposition availability. The deposition should take place before February 7, 2022.

If Cole elects to have the deposition testimony go forward in person, the government will check with the witness regarding availability and will then give notice where and when the deposition testimony will occur.

If Cole demands an in-person deposition and if Cole seeks to attend the deposition, she must move for amended bond conditions to allow the return of her passport. She must file any motion for a change of bond conditions to allow international travel by January 26,

---

[5] *Id.* at 7-8.
[6] Transcript of Status Conference as to Margaret Cole, *United States v. Cole*, No. 1:20-cr-00424, at 13:4-19:3 (N.D. Ohio Jan. 20, 2022).

Case No. 1:20-cr-424
Gwin, J.

2022. In considering any proposed bond conditions, the Court will likely require a posting of other security.

The government's attorney and the defendant's attorney may attend the deposition in person or may attend the deposition by videoconference. The government will ensure that a notary or other Polish person capable of administering oaths shall be present at the deposition. If necessary, the government will ensure the presence of a certified translator.

This Court will preside, by videoconference, over the deposition.

I.   **Background**

Defendant Cole ran an international adoption business, European Adoption Consultants. The grand jury indicted Cole on criminal charges related to her adoption work with that business.

A grand jury indicted Defendant Cole in 2020.[7] The grand jury charged Defendant Cole with three crimes: (1) conspiracy to defraud the United States in violation of 18 U.S.C. § 371, (2) false statement to the Council on Accreditation in violation of 42 U.S.C. § 14944, and (3) false statement to the Polish Central Authority in violation of 42 U.S.C. § 14944.[8]

The government's proposed witness, Olgierd Podgorski, served as a Polish Central Authority official.[9] Podgorski investigated the adoption that is the focus of Defendant Cole's case.[10] After Podgorski requested information about that adoption, Defendant Cole wrote a

---

[7] Doc. 1.
[8] *Id.* at ¶¶ 90-98.
[9] Doc. 109 at 1-2.
[10] *Id.* at 6.

-3-

Case No. 1:20-cr-424
Gwin, J.

letter in response.[11] In this case, the government alleges that Defendant Cole's letter to the Polish Central Authority contained false statements.[12]

Defendant Cole argues against allowing contemporaneous closed-circuit television testimony.[13] Although this Court believes that closed-circuit television testimony is likely admissible, this Court recognizes uncertainty regarding whether closed-circuit television testimony is admissible without defendant consent.

## II.  Legal Standard

Federal Rule of Criminal Procedure 15 sets the standard for foreign depositions. Under that rule, a court may grant a motion to depose a witness "because of exceptional circumstances and in the interest of justice."[14]

Rule 15 allows a deposition outside the United States without the defendant's presence if the court makes certain case-specific findings.[15]

To permit a foreign deposition without the defendant's presence, the Court considers whether: (1) the testimony "could provide substantial proof of a material fact in a felony prosecution"; (2) "there is a substantial likelihood that the witness's attendance at trial cannot be obtained"; (3) "the witness's presence for a deposition in the United States cannot be obtained"; (4) the defendant cannot be present; and (5) "the defendant can meaningfully

---

[11] *Id.* at 7.
[12] *Id.* at 11-12.
[13] This Court suggests Cole's position may damage Cole's trial presentation. The government shows a right to take Podgorski's testimony. From more than 30 years of presiding over trials, live cross-examination succeeds more often than videotaped cross-examination.
   Sometimes a defendant's physical presence during cross-examination can potentially affect the testimony. Unlikely here. Witness Podgorski never met Cole. The indictment alleges Podgorski's only contact with Cole was a December 2016 letter responding to questions regarding whether Cole's organization had misrepresented a Polish adoption placement. The government produced the relevant records and Podgorski's testimony seems limited. Given that Cole never earlier knew Podgorski, it is difficult to find any purpose for her traveling to Poland to observe his testimony in person.
[14] Fed. R. Crim. P. 15(a)(1).
[15] Fed. R. Crim. P. 15(c)(3).

-4-

Case No. 1:20-cr-424
Gwin, J.

participate in the deposition through reasonable means." In Defendant Cole's case, the fourth factor is satisfied if "no reasonable conditions will assure an appearance at the deposition or at trial or sentencing."[16]

### III. Discussion

#### a. Motion for CCTV Testimony

Although a close question, the Court denies the government's motion to call Witness Podgorski for closed-circuit television testimony.

In *Maryland v. Craig*, the Supreme Court held that one-way closed-circuit television testimony by child witnesses satisfies the Confrontation Clause "where necessary to protect a child witness from trauma that would be caused by testifying in the physical presence of the defendant."[17] *Craig* involved a child witness completely shielded from contact with the defendant. The Supreme Court held that "the presence of these other elements of confrontation—oath, cross-examination, and observation of the witness' demeanor—adequately ensures that the testimony is both reliable and subject to rigorous adversarial testing in a manner functionally equivalent to that accorded live, in-person testimony."[18]

Congress later passed a law codifying the rule for child witnesses.[19]

After its *Craig* ruling, the Supreme Court decided *Crawford v. Washington*.[20] *Crawford* dealt with the interplay of hearsay exception rules and the Confrontation Clause. In *Crawford*, the prosecutor offered a wife's pre-recorded statement implicating her husband

---

[16] *Id.*
[17] 497 U.S. 836, 857 (1990).
[18] *Id.* at 851.
[19] 18 U.S.C. § 3509.
[20] 541 U.S. 36 (2004).

-5-

Case No. 1:20-cr-424
Gwin, J.

in a stabbing.[21] Because of a spousal privilege, the prosecutor could not otherwise call the wife.[22] Although admissible under hearsay rules, the Supreme Court found the statement's admission violated the Confrontation Clause.

In finding a confrontation right violation, the Court emphasized that "[o]ne recurring question [historically] was whether the admissibility of the unavailable witness's pretrial examination depended on whether the defendant had had an opportunity to cross-examine him."[23] Justice Scalia's *Crawford* opinion emphasized that the prior opportunity to cross-examine was the central concern: "Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."[24]

Neither *Craig* nor *Crawford* considered two-way closed-circuit testimony. In *Craig*, the witness could not see the defendant.[25] In *Crawford*, the prosecutor offered a tape-recorded statement of a witness who could not be called because of Washington's marital privilege rule.[26] Defendant Crawford had no ability to cross-examine the tape-recorded statement and the jury had no ability to see the witness.

The one-way video in *Craig* and the tape-recorded video in *Crawford* were quite different from the government's proposed live two-way closed-circuit television examination of Polish official Podgorski. Of course, Defendant Cole would enjoy the same ability to cross-examine Witness Podgorski whether live by videoconference or before trial by

---

[21] *Id.* at 38.
[22] *Id.* at 40.
[23] *Id.* at 45.
[24] *Id.* at 59.
[25] *Craig*, 497 U.S. at 851.
[26] *Crawford*, 541 U.S. at 40.

-6-

Case No. 1:20-cr-424
Gwin, J.

deposition.

The Sixth Circuit has continued to apply the *Craig* rule to allow child witnesses to testify by closed-circuit television in cases with sufficient necessity.[27] In a recent case, however, the Sixth Circuit noted a possible tension between the Supreme Court's *Craig* decision allowing closed-circuit testimony and its *Crawford* decision where it found the Confrontation Clause trumped the hearsay rules.[28] Ultimately, the Sixth Circuit followed *Craig* in the child witness context.[29]

Considering the Sixth Circuit's reasoning—following the *Craig* rule while recognizing the tension with *Crawford*—the Court declines to extend *Craig* beyond the child witness context. Under *Crawford,* video testimony would likely be constitutional. But with some uncertainty and with a Criminal Rule 15 alternative, the Court will avoid the issue.

The Court denies the government's request to offer an adult witness through closed-circuit television testimony.

### b. Motion for a Foreign Deposition

The Court approves the government's motion to depose Witness Podgorski because exceptional circumstances and the interest of justice support preserving his testimony for trial. The Court finds that the government meets its burden to show that Podgorski's testimony is material and that he is unavailable for trial or for deposition in the United States.[30]

---

[27] *United States v. Wandahsega*, 924 F.3d 868, 879 (6th Cir. 2019).
[28] *Id.*
[29] *Id.*
[30] *See United States v. Ahmed*, 587 F. Supp. 2d 853, 854-55 (N.D. Ohio 2008) (holding that government must provide a sufficiently detailed description of materiality while observing that affidavits are not necessary to meet that burden); *see also United States v. Suzuki*, 215CR00198GMNNJK, 2021 WL 4245354, at *4 (D. Nev. Sept. 17, 2021) (holding that government met its burden to show unavailability); see also *United States v. Vilar*, 568 F. Supp. 2d 429, 438

Case No. 1:20-cr-424
Gwin, J.

### i. Exceptional Circumstances

The Court finds that exceptional circumstances justify ordering Witness Podgorski's deposition. Podgorski lives in Poland and is not a United States citizen, placing him beyond the subpoena power of the Court.[31] The COVID-19 pandemic also places added burdens on international travel through testing and quarantine requirements and disease transmission risk.[32]

As analyzed further below, Witness Podgorski's unavailability and the materiality of his testimony constitute exceptional circumstances in this case.[33]

### ii. Interest of Justice

The Court finds that ordering Witness Podgorski's deposition serves the interest of justice. The charges against Defendant Cole involve an intercountry adoption. One charge alleges that Defendant Cole made misstatements to the Polish Central Authority. These charges necessarily implicate testimony by witnesses outside the United States. Witness Podgorski's deposition will preserve evidence that will help the jury's factfinding on the charges.

### iii. Materiality

---

(S.D.N.Y. 2008) ("[T]he overwhelming majority of courts in this Circuit—and in other circuits—have rejected arguments that the movant must produce an affidavit from the proposed deponent in order to establish his or her unavailability.).

[31] 28 U.S.C. § 1783; *United States v. Rodriguez-Sifuentes*, 637 F. App'x 1016, 1017 (9th Cir. 2016) (unpublished) (holding that a showing that witnesses are beyond court's subpoena power and unwilling testify is "sufficient for Rule 15(a) purposes).

[32] *United States v. Xiaorong You*, 2:19-CR-14, 2020 WL 3549828, at *3 (E.D. Tenn. June 30, 2020) ("[T]he world is also in the midst of a global pandemic which puts additional health and safety restraints on travel.); *see also* U.S. Dep't of State, *Poland Travel Advisory - Level 4: Do Not Travel*, https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/poland-travel-advisory.html (last visited Jan. 23, 2022) ("The Centers for Disease Control and Prevention (CDC) has issued a Level 4 Travel Health Notice for Poland, indicating a very high level of COVID-19 in the country.").

[33] *United States v. Abu Ghayth*, 17 F. Supp. 3d 289, 299 (S.D.N.Y. 2014) (quoting *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir.1984)) (Rule 15 "standard is met where the 'testimony is material to the case and . . the witness is unavailable to appear at trial.'").

-8-

Case No. 1:20-cr-424
Gwin, J.

The Court finds that Witness Podgorski could provide substantial evidence of material facts in this felony prosecution.[34]

The indictment alleges that Defendant Cole submitted a letter with false statements to the Polish Central Authority.[35]

Witness Podgorski approved the adoption at issue for Defendant Cole's charges and took part in the Polish Central Authority's investigation into the adoption.[36] During that investigation, Witness Podgorski was the recipient of Defendant Cole's allegedly false letter.[37] Witness Podgorski can testify whether, and to what extent, he relied on the statements in Defendant Cole's letter.

Witness Podgorski is the only witness the government plans to call from the Polish Central Authority.[38]

The Court finds that Witness Podgorski's testimony could supply substantial proof of material facts.

### iv. Unavailability

Witness Podgorski is unavailable for trial because he is beyond the Court's subpoena power and is unwilling to travel to the United States.

To establish unavailability for Rule 15, the government has the burden to show that it made good-faith efforts to obtain the witness's presence.[39] The government must show: (1) a "substantial likelihood that the witness's attendance at trial cannot be obtained"; and (2)

---

[34] Fed. R. Crim. P. 15(c)(3)(A).
[35] Doc. 1 at ¶¶ 72, 98.
[36] Doc. 109 at 6-7.
[37] *Id.* at 7.
[38] *Id.*
[39] *United States v. Matus-Zayas*, 655 F.3d 1092, 1101 (9th Cir. 2011).

-9-

Case No. 1:20-cr-424
Gwin, J.

"the witness's presence for a deposition in the United States cannot be obtained."[40] "To show unavailability at this stage, the party seeking the deposition need not prove conclusively that the prospective deponent will be unavailable to testify at trial."[41]

Here, the government makes a sufficient showing that Witness Podgorski is unavailable.

The government shows that Witness Podgorski is beyond the reach of the Court's subpoena power and that he is unwilling to travel to the United States for trial or for a deposition.[42]

"Foreign witnesses who are not subject to the government's subpoena power and, despite the moving party's appropriate efforts, refuse to travel to this country to testify routinely are found unavailable."[43] In fact, foreign residents "who are not subject to the orders of this Court" are "classic examples of the exceptional circumstances that bring a witness into the scope of Rule 15."[44]

Some courts find foreign witness unavailability based solely on the fact the witness is beyond the Court's subpoena power.[45] Other courts require a showing that the witness is both beyond the subpoena power and is unwilling to travel to the United States.[46] Showing

---

[40] Fed. R. Crim. P. 15(c)(3)(B); Fed. R. Crim. P. 15(c)(3)(C).
[41] *United States v. Cooper*, 947 F. Supp. 2d 108, 113 (D.D.C. 2013).
[42] Doc. 109 at 13-14; *see Rodriguez-Sifuentes,* 637 F. App'x at 1017 (holding that witnesses are unavailable under Rule 15 where they are beyond subpoena power and "unwilling, for good reason, to come to the United States"); *see also United States v. Medjuck,* 156 F.3d 916, 920 (9th Cir. 1998) (holding that "witnesses were unavailable for trial because they were beyond the subpoena power of the United States and refused voluntarily to attend").
[43] *United States v. Al Fawwaz,* S7 98 CRIM. 1023 LAK, 2014 WL 627083, at *1 (S.D.N.Y. Feb. 18, 2014) (collecting cases).
[44] *United States v. Trumpower,* 546 F. Supp. 2d 849, 854 (E.D. Cal. 2008).
[45] *See id.; see also United States v. Tao,* 19-20052-JAR, 2021 WL 5205446, at *4 (D. Kan. Nov. 9, 2021) ("District courts within the Tenth Circuit . . . are typically satisfied that a witness not subject to the subpoena power of the United States is unavailable for Rule 15 purposes, without requiring any further showing.")
[46] *Rodriguez-Sifuentes,* 637 F. App'x at 1017; *Medjuck,* 156 F.3d at 920.

-10-

Case No. 1:20-cr-424
Gwin, J.

unwillingness to travel to the United States does not require an affidavit from the deponent.[47]

The government meets its burden under either unavailability standard.

The government requested Witness Podgorski's presence at trial through a Supplemental Request for Legal Assistance to the National Prosecutor's Office in Poland.[48] Witness Podgorski stated that he is unable to travel to the United States because of the combination of his family obligations and COVID-19-related travel restrictions.[49] Podgorski is a single parent and is unable to arrange childcare for the length of time the international trip would require.[50] If he tested positive for COVID-19 upon his return, he would be required to quarantine for 14 days.[51] For these reasons, Podgorski is unwilling to travel internationally.

The United States District Court for the District of Nevada recently granted a Rule 15 deposition under similar circumstances. In that case, "due to COVID-19 and family related concerns, none of the three witnesses [was] willing to travel internationally for a deposition."[52] The Court observed that "the world is in the middle of a pandemic and, therefore, the witnesses' fears regarding international travel during the pandemic are persuasive" but held that "the lack of subpoena power alone is sufficient for a finding of unavailability."[53]

### v. Defendant's Meaningful Participation

---

[47] *Cooper*, 947 F. Supp. 2d at 113; *Vilar*, 568 F. Supp. 2d at 438; *Suzuki*, 2021 WL 4245354, at *4.
[48] Doc. 109 at 13.
[49] *Id.*
[50] Transcript of Status Conference as to Margaret Cole, *United States v. Cole*, No. 1:20-cr-00424, at 14:11-18 (N.D. Ohio Jan. 20, 2022).
[51] *Id.*; Government of Poland, *Coronavirus: Information and Recommendations*, https://www.gov.pl/web/coronavirus/outside-the-european-union-schengen-area-turkey (last visited Jan. 23, 2022).
[52] *Suzuki*, 2021 WL 4245354, at *3.
[53] *Id.* at *4.

-11-

Case No. 1:20-cr-424
Gwin, J.

Defendant Cole has two options for participation in Witness Podgorski's deposition. If Defendant Cole does not consent to a videoconference deposition, then the deposition will take place in Poland. Defendant Cole can participate in the deposition either in person or by videoconference.

If the Poland deposition goes forward, government counsel and defense counsel can travel to Poland for the deposition. Alternatively, either or both can conduct the deposition by videoconference.

As an alternative, Defendant Cole may elect to have the deposition conducted entirely by videoconference.

The Court finds that either of these options would allow Defendant Cole to meaningfully participate.[54] Allowing Defendant Cole to choose the format provides additional protection for her participation rights.

The Court declines to award travel expenses. Defendant Cole has not asserted that she is indigent. She makes no showing that she is without funds to pay travel costs.

### vi. Confrontation Right

The Court denies the motion for closed-circuit television testimony and grants the motion for a Rule 15 deposition because Defendant Cole asserts her right to physical face-to-face confrontation with Witness Podgorski. If she believes in-person attendance is important, Defendant Cole can travel to Poland for this in-person confrontation.

The Court notes, however, that the confrontation right is arguably better served by

---

[54] See *Xiorong You*, 2020 WL 3549828, at *4 ("The Court finds that a live-streamed video conference will allow Defendant's meaningful participation."); see also *Suzuki*, 2021 WL 4245354 at *5-*6 (holding that two-way videoconference allows meaningful participation); see also *Medjuck*, 156 F.3d at 920 (holding that meaningful participation standard was satisfied where defendant viewed depositions by video while speaking to attorneys by telephone).

-12-

Case No. 1:20-cr-424
Gwin, J.

live two-way closed-circuit testimony at trial. Live video testimony would allow jurors to observe the witness's demeanor and voice in real time. This form of technology also "permit[s] the defendant[], defense counsel, the questioner, the judge, and the jurors all to see and be seen by the witness."[55]

As the United States District Court for the Southern District of New York observed when permitting two-way closed-circuit testimony, this technology "preserve[s] almost all the intangible elements of the ordeal of testifying in a courtroom."[56] The two-way visibility protects the confrontation right more than the one-way procedure the Supreme Court approved in *Craig*.[57]

IV. Conclusion

For the stated reasons, the Court **DENIES** the government's motion to offer witness testimony through closed-circuit television at trial. The Court **GRANTS** the government's requested alternative, a Rule 15 foreign deposition. Defendant Cole may decide whether she attends the Rule 15 deposition in person or by videoconference. Government's counsel and defense counsel will independently decide whether they will travel to conduct the Rule 15 deposition in person or whether they will participate using videoconference. The Court **ORDERS** Defendant Cole to notify the government of her decision by January 26, 2022.

IT IS SO ORDERED

Dated: January 24, 2022        s/   James S. Gwin

---

[55] *United States v. Akhavan*, 523 F. Supp. 3d 443, 456 (S.D.N.Y. 2021).
[56] *Id.*
[57] *Id.*

-13-

Case No. 1:20-cr-424
Gwin, J.

                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

-14-