UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:20-cr-424 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 107] |
| MARGARET COLE, : | |
| : | |
| Defendant. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The United States has indicted Defendant Margaret Cole for conspiracy to defraud the United States and alleged false statements to an adoption accrediting entity and a Polish government agency.[1] The State Department made an administrative decision involving Defendant Cole's adoption company before this criminal case.

As part of the discovery process, the government disclosed State Department investigative documents to Defendant Cole. Following this Court's order, the government directed the State Department to provide any remaining undisclosed documents related to Defendant Cole's adoption company.[2]

The State Department claimed deliberative process privilege over portions of five documents.[3] Now, Defendant Cole moves to compel the State Department to produce those documents in full.[4] Cole argues that the government must produce the documents under *Brady v. Maryland*, 373 U.S. 83 (1963).

---

[1] Doc. 1.
[2] Doc. 104.
[3] Doc. 107-1.
[4] Doc. 107.

Case No. 1:20-cr-424
Gwin, J.

Responding to Defendant Cole's motion, the government did not oppose *in camera* review.[5]

The Court ordered the State Department to provide the documents for *in camera* review.[6] The Court reviewed the documents for any evidence requiring disclosure under *Brady*, meaning any evidence that is favorable to Defendant Cole and material to her defense. Because the documents include statements by two potential government trial witnesses, the Court completed its Rule 26.2 *in camera* review at the same time.

For the reasons presented below, the Court **PARTIALLY GRANTS** Defendant Cole's motion to compel. Defendant Cole is entitled to discovery of statements by Witnesses Daniel Gedacht and Kjersti Olson. The Court **ORDERS** the State Department to disclose statements by Witnesses Gedacht and Olson in Documents Two, Three, Four, and Five, with one Document Four exception described in this order. The Court **DENIES** the motion to compel for the remaining portions of the documents. Those document portions do not implicate the government's *Brady* obligations.

I. Background

Defendant Cole ran an international adoption business, European Adoption Consultants. An administrative proceeding involving that company laid the groundwork for this criminal case. In 2016, the State Department reviewed a series of complaints about European Adoption Consultants.[7] The Department issued a notice of temporary debarment, requiring the company "to immediately cease engaging in intercountry adoptions."[8]

---

[5] Doc. 110 at 2.
[6] Doc. 113.
[7] *European Adoption Consultants, Inc. v. Pompeo*, 18-CV-1676, 2020 WL 515959, at *1 (D.D.C. Jan. 31, 2020), *appeal dismissed*, 20-5053, 2020 WL 3406482 (D.C. Cir. May 28, 2020).
[8] *Id.*

-2-

Case No. 1:20-cr-424
Gwin, J.

The State Department conducted a hearing the following year. After reviewing written submissions by the adoption company and the Department, the Hearing Officer issued findings.[9] According to her findings, the State Department proved that European Adoption Consultants committed fourteen separate violations of 42 U.S.C. § 14944 and 22 C.F.R. § 96, Subpart F.[10] The District Court for the District of Columbia upheld these findings.[11]

This Court previously held that the State Department is considered part of the prosecution team for discovery and *Brady* purposes.[12]

The Court ordered the government to seek confirmation that the State Department disclosed all investigatory materials to Defendant Cole.[13] The government complied with that order.[14] The State Department disclosed additional communications, claiming deliberative process privilege over redacted portions of five documents.[15]

Now, Defendant Cole moves to compel the State Department to produce the full documents unredacted.[16] Defendant Cole argues that the communications are factual rather than deliberative, placing them outside the scope of the deliberative process privilege.[17] Defendant Cole also argues that even if the document portions qualify for the deliberate process privilege, her due process rights outweigh the government's privilege.[18]

The Court conducted *in camera* review of the documents. The Court's *in camera*

---

[9] *Id.* at *2.
[10] *Id.*
[11] *Id.* at *1.
[12] Doc. 94-1.
[13] *Id.* at 2.
[14] Doc. 104.
[15] Doc. 107-1.
[16] Doc. 107.
[17] *Id.* at 6-7.
[18] *Id.* at 7-8.

-3-

Case No. 1:20-cr-424
Gwin, J.

inspection focused on whether the materials are favorable and material, requiring disclosure to Defendant Cole under *Brady*. For the witness statements, the Court evaluated the validity of the government's privilege claims. The Court also considered whether *Brady* or the Jencks Act requires the government to disclose the witness statements.

## II. Legal Standard

### a. *Brady*

The government has an affirmative duty to disclose evidence where (1) the evidence is "favorable" to the accused and (2) the "evidence is material either to guilt or punishment."[19]

"Favorable evidence includes all evidence that creates a reasonable doubt, whether it is exculpatory or impeachment evidence."[20] This is a "relatively low threshold": "the evidence must simply be exculpatory or impeaching."[21] Evidence is material where "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict."[22]

### b. Deliberative Process Privilege

Deliberative process privilege is "a form of executive privilege."[23] The deliberative process privilege applies to "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated."[24] Material only qualifies for the privilege if it is (1) "predecisional"; and (2) "deliberative."[25]

---

[19] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).
[20] *McNeill v. Bagley*, 10 F.4th 588, 598 (6th Cir. 2021).
[21] *Id.*
[22] *Id.* at 601 (quoting *Strickler v. Greene*, 527 U.S. 263, 290 (1999)).
[23] *U.S. Fish and Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021).
[24] *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (quoting *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)).
[25] *Sierra Club*, 141 S. Ct. at 785-86.

Case No. 1:20-cr-424
Gwin, J.

"Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency formulate its position."[26]

The privilege does not protect materials that "simply state or explain a decision the government has already made or protect material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations."[27]

"The deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need."[28] Courts evaluate need "flexibly on a case-by-case, ad hoc basis."[29] Courts consider factors such as relevance, "the availability of other evidence, the seriousness of the litigation, the role of the government, and the possibility of future timidity by government employees."[30]

### c. Rule 26.2

Federal Rule of Criminal Procedure 26.2 allows a party to move for disclosure of witness statements relating to the testimony subject matter.[31] The rule applies after the witness's direct examination.

Under the rule, if the party producing the witness provides a redacted witness statement, the Court must examine the statement *in camera*.[32] "After excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving

---

[26] *Id.* at 786.
[27] *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997).
[28] *Id.*
[29] *Id.*
[30] *Id.* at 737-38 (quotation marks omitted).
[31] Fed. R. Crim. Pro. 26.2.
[32] *Id.*

-5-

    Case No. 1:20-cr-424
    Gwin, J.

party."[33]

  Here, Defendant Cole has not yet moved for disclosure of witness statements. In its response to her motion, however, the government did not object to *in camera* review and raised the prospect of Rule 26.2 inspection of Witness Gedacht and Witness Olson's statements.[34] Responding to that invitation, the Court examined the witness statements for Rule 26.2 purposes while conducting its *in camera* review to resolve Defendant Cole's motion to compel.

### III. Discussion

#### a. Document One[35]

  Document One is an email cover letter presenting two email attachments. Attachment One is a draft memo recommending temporary debarment of European Adoption Consultants. Attachment Two is a draft notice of the agency's decision, addressed to Defendant Cole.

  Document One, Attachment One, and Attachment Two do not contain *Brady* materials. These documents are not favorable because they do not contain exculpatory or impeachment evidence. The documents are also unlikely to be material because they duplicate the evidence presented against the agency in the State Department proceedings.

  The government properly invokes deliberative process privilege over these documents. They are pre-decisional because they preceded the debarment decisions. They are deliberative because they are draft documents, part of the agency's ongoing process of

---

[33] *Id.*
[34] Doc. 110 at 2.
[35] The document names in the document-by-document analysis below refer to the file names the State Department used to submit the documents to the Court. The numbers also match the order on the State Department's privilege log.

Case No. 1:20-cr-424
Gwin, J.

formulating the debarment decision.[36]

### b. Document Two

Document Two is an email exchange regarding a proposed State Department response to the Polish Central Authority's inquiry about the adoption at issue in this criminal case. Witness Kjersti Olson participates in the email exchange.

Document Two discusses when the response to the Polish Central Authority would be completed. Document Two contains no discussion that would be *Brady* material. Instead, Document Two discusses who has responsibility for responding to the Polish Central Authority and discusses the status of the response.

The email exchange properly falls within the scope of deliberative process privilege, as it involves government officials discussing the status of a draft response to a foreign government.

Because Kjersti Olson may testify as a witness against Defendant Cole, however, her statements likely qualify as Jencks statements.[37]

It is unlikely that Witness Olson's statements in this email exchange help Defendant Cole. The Court orders the State Department to disclose the statements, however, out of an abundance of caution.

Aside from Witness Olson's statements, the State Department may redact any other portion of the email exchange. Those statements are not favorable or material to Cole's defense.

### c. Document Three

---

[36] *Sierra Club*, 141 S. Ct. at 786.
[37] *See* 18 U.S.C. § 3500.

Case No. 1:20-cr-424
Gwin, J.

Document Three is an email exchange about a Council on Accreditation letter. The email exchange includes one statement by Witness Olson. The email attachment is not at issue for this order because the government already disclosed the Council on Accreditation letter to Defendant Cole.[38]

The Court orders the State Department to disclose Witness Olson's statement as a statement subject to Jencks.

The remainder of the document is not favorable or material to Defendant Cole's defense, placing it outside the government's *Brady* disclosure obligation. The State Department may redact any document portion not containing Witness Olson's statements.

### d. Document Four

Document Four is an email exchange about press coverage of the adoption at issue in this case. The conversation includes Witness Gedacht's statements. The exchange includes two email attachments: the court docket for a child protection case and a list of state charges against one of Defendant Cole's co-defendants.

The Court orders the State Department to disclose Witness Gedacht's statements. Because he is a potential government witness, his statements are Jencks statements. As with Witness Olson's statements in the other documents, Witness Gedacht's statements are unlikely to be material to Defendant Cole's case. The Court orders disclosure, however, out of an abundance of caution.

The Court makes one exception to this disclosure requirement: the final sentence of Witness Gedacht's February 8, 2017 email. The statement refers to adoptions not at issue in

---

[38] Doc. 107 at 7.

> Case No. 1:20-cr-424
> Gwin, J.

this case. The deliberative process privilege covers this statement, as it involves government officials formulating a media response. The *Brady* disclosure obligation does not require disclosure. The evidence is not exculpatory for Defendant Cole, and the lack of connection to her case makes it unlikely that this statement could serve as impeachment evidence. The evidence is not material because it refers to adoptions not at issue in this case.

Consistent with its obligation under Federal Rule of Criminal Procedure 26.2, the Court will preserve an unredacted version of Document 4 under seal, with the withheld sentence indicated.

### e. Document Five

Document Five is a cover email from Witness Olson. The email attachment is a draft response to FBI questions, written by Witness Olson.

The Court orders disclosure of Document Five and the email attachment to Defendant Cole because the statements, and any changes made before the final version, may have some benefit to Cole. This order rests on the same reasoning as the order to disclose other witness statements: the government has expressed no objection to early disclosure of Jencks statements.

### IV. Conclusion

The Court **PARTIALLY GRANTS** Defendant Cole's motion to compel. The Court **ORDERS** the State Department to disclose statements by Witness Gedacht and Witness Olson in Documents Two, Three, Four, and Five, with one exception in Document Four described in this order. The Court **DENIES** the motion to compel as to the document portions not containing witness statements.

IT IS SO ORDERED

-9-

Case No. 1:20-cr-424
Gwin, J.

Dated: January 25, 2022           *s/     James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE