UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 1:20-cr-424 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 117, 118, 120, 122, 127] |
| MARGARET COLE, | : | |
| | : | |
| Defendant. | : | |

--------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The United States indicted Defendant Margaret Cole for conspiracy to defraud the United States and alleged false statements to an adoption accrediting entity and a Polish government agency.[1]  The Court has set a February 9, 2022 trial date.

The government makes two motions in limine.  The government moves to exclude evidence of Defendants Cole's specific acts showing good character.[2]  In addition, the government moves to bar Defendant Cole from introducing her own out-of-court statements.[3]

The government also moves for a finding, under *Missouri v. Frye*, 566 U.S. 134 (2012), that defense counsel informed Defendant Cole of a government's plea-offer and that Defendant Cole rejected the offer.[4]

Defendant Cole makes four motions.  She moves to bar evidence and argument related to the abuse of Child 2, the child whose adoption centers the Defendant Cole charges.[5]  Defendant Cole also moves to exclude evidence of or reference to the State

---

[1] Doc. 1-2.
[2] Doc. 120.
[3] *Id.*
[4] Doc. 117.
[5] Doc. 118.

Case No. 1:20-cr-424
Gwin, J.

Department's decision to debar the adoption agency that Cole managed.[6]  In addition, Defendant Cole moves to exclude two prior acts that the government seeks to introduce under Rule 404(b).[7]

The Court heard oral argument on the motions at a pretrial conference.[8]

For the reasons presented below, the Court **GRANTS** the government's motion for a *Missouri v. Frye* finding.  The Court **GRANTS** the government's motion to exclude specific acts showing Defendant Cole's character.  The Court **GRANTS** the government's motion to exclude hearsay statements by Defendant Cole.  The Court **PARTIALLY GRANTS** Defendant Cole's motion to exclude child abuse evidence.  The Court **PARTIALLY GRANTS** Defendant Cole's motion to exclude debarment evidence.  The Court **DENIES** Defendant Cole's motion to exclude evidence of two prior acts.

I.    Background

Defendant Cole ran an international adoption business, European Adoption Consultants.  The grand jury indicted Cole on criminal charges related to her work with that adoption business.

A grand jury indicted Defendant Cole in 2020.[9]  The grand jury charged Defendant Cole with three crimes: (1) conspiracy to defraud the United States in violation of 18 U.S.C. § 371, (2) false statement to the Council on Accreditation in violation of 42 U.S.C. § 14944, and (3) false statement to the Polish Central Authority in violation of 42 U.S.C. § 14944.[10]

---

[6] Doc. 122.
[7] Doc. 127.
[8] Doc. 135.
[9] Doc. 1-2.
[10] *Id.* at ¶¶ 90-98.

Case No. 1:20-cr-424
Gwin, J.

The indictment alleges that Defendant Cole and her co-conspirators carried out a scheme to transfer a child to an unapproved adoptive family and to conceal material facts about their role in the transfer.[11]  The indictment also alleges that Defendant Cole concealed facts from the State Department and made false statements to the Council on Accreditation and made false statements to the Polish Central Authority.[12]

Several years before the grand jury indicted Defendant Cole, the State Department investigated complaints about her European Adoption Consultants adoption agency.[13]  After the review, the State Department temporarily disbarred European Adoption Consultants from continued adoption services, requiring the company "to immediately cease engaging in intercountry adoptions."[14]  The State Department later issued findings that European Adoption Consultants committed fourteen separate violations of 42 U.S.C. § 14944 and 22 C.F.R. § 96, Subpart F.[15]  The District Court for the District of Columbia upheld these findings.[16]

II.  Discussion

    a.  Government's Motion to Exclude "Good Acts" Evidence

The government moves to bar Defendant Cole from introducing specific acts showing to prove her character.[17]

Under Federal Rule of Evidence 404, a criminal defendant may offer evidence of the

---

[11] *Id.* at ¶¶ 91-93.
[12] *Id.* at ¶¶ 93-98.
[13] *European Adoption Consultants, Inc. v. Pompeo,* 18-CV-1676, 2020 WL 515959, at *1 (D.D.C. Jan. 31, 2020), *appeal dismissed,* 20-5053, 2020 WL 3406482 (D.C. Cir. May 28, 2020).
[14] *Id.*
[15] *Id.*
[16] *Id.* at *1.
[17] Doc. 120 at 20-22.

Case No. 1:20-cr-424
Gwin, J.

defendant's pertinent character trait.[18]  Rule 405 cabins the proffer of character evidence to reputation evidence or opinion evidence on relevant character traits.[19]  Rule 405 does not allow specific instances of conduct as proof.

At the pretrial conference, defense counsel stated that if Defendant Cole offers evidence of good character, she would do so through reputation or opinion evidence, not through specific acts.[20]  This evidence would conform with Rules 404 and 405.

The Court grants the government's motion to exclude specific acts evidence related to Cole's character.

### b. Government's Motion to Bar Defendant Cole from Introducing Own Out-Of-Court Statements

The government plans to introduce Defendant Cole's out-of-court statements under the Rule 801 hearsay exclusion for admissions by a party-opponent.[21]  The government asks the Court to bar Defendant Cole from introducing her own out-of-court statements through any witness other than herself.[22]

At the pretrial conference, defense counsel stated that Defendant Cole would only introduce her out-of-court statements as prior consistent statements if the necessary preconditions occur at trial.[23]

The Court finds that Defendant Cole's out-of-court statements are hearsay if introduced by Defendant Cole rather than the government.  The Court grants the government's motion to bar Defendant Cole from introducing those statements.  If Defendant

---

[18] Fed. R. Evid. 404(a)(2)(A).
[19] Fed. R. Evid. 405.
[20] Doc. 135 at 12:8-15.
[21] Doc. 120 at 23; Fed. R. Evid. 801(d)(2)(A).
[22] Doc. 120 at 23.
[23] Doc. 135 at 13:7-14; Fed. R. Evid. 801(d)(1)(B).

Case No. 1:20-cr-424
Gwin, J.

Cole believes those statements become admissible at any point, she may ask the Court to reconsider this ruling.

### c. Government's Motion for *Missouri v. Frye* Inquiry

The government moves for a finding that defense counsel communicated the government's plea offer to Defendant Cole and that Defendant Cole rejected the plea offer.[24]

After questioning the government, Defendant Cole, and defense counsel at the pretrial conference, the Court finds that the government made a written plea offer, defense counsel communicated that offer to Defendant Cole, and Defendant Cole rejected the offer.[25]

### d. Defendant Cole's Motion to Exclude Child Abuse Evidence

Count 13 of the indictment alleges that Defendant Cole made false statements in a December 2016 letter to the Polish Central Authority.[26]  The government alleges that those false statements included misstatements about Child 2 abuse.[27]  The government seeks to introduce evidence that Defendant Cole knew about the abuse when she sent a December 11, 2016, letter that, the Government contends, suggested that Child 2's condition may have occurred in Poland.[28]

To show Defendant Cole's understanding at the time Cole wrote the December 11, 2016, letter, the government seeks to introduce (1) a Dallas Observer newspaper article and (2) a conversation between Defendant Cole and a Denton County Police Detective investigating the abuse.[29]

---

[24] Doc. 117.
[25] Doc. 135 at 3:13-4:21.
[26] Doc. 1-2 at ¶¶ 97-98.
[27] Doc. 120 at 10.
[28] *Id.* at 8, 10.
[29] *Id.*

Case No. 1:20-cr-424
Gwin, J.

For the Dallas Observer newspaper article, the government seeks to introduce evidence that Defendant Cole received an emailed copy on December 8, three days before she sent the letter to the Polish Central Authority.[30]  The government also seeks to introduce evidence that FBI agents seized a hard copy of the newspaper article when executing a search warrant on Cole's office.[31]

In addition to the newspaper article, the government seeks to introduce evidence of communications between Defendant Cole and Denton County Police Detective David Bearden.  Detective Bearden investigated possible abuse to Child 2 in Denton County Texas. The government argues that this testimony is relevant to Cole's knowledge at the time of the December 2016 letter because her letter allegedly misrepresented information that was the subject of her conversation with the detective.[32]

Defendant Cole moves to exclude evidence and argument related to Child 2's injuries.[33]  Cole argues that the evidence is unfairly prejudicial, justifying exclusion under Rule 403.[34]

The Court partially grants Defendant Cole's motion by limiting the evidence the government can introduce related to the abuse.

The Court allows the government to introduce evidence related to the Dallas Observer newspaper article and Defendant Cole's conversation with Detective Bearden.  The Court finds that the article and the conversation are relevant to the question of whether Defendant Cole knew she was making misstatements to the Polish Central Authority.

---

[30] *Id.* at 8-9.
[31] *Id.* at 9.
[32] Doc. 135 at 17:3-11.
[33] Doc. 118.
[34] *Id.* at 1-2; Fed. R. Evid. 403.

Case No. 1:20-cr-424
Gwin, J.

At the pretrial conference, defense counsel argued that the newspaper article is hearsay.[35]  But the government says it will introduce the newspaper article to show Defendant Cole's knowledge, not to show the truth of the newspaper's statements.  The newspaper article would only be hearsay if the government introduced the article to prove the truth of the matter asserted in the article.[36]

The Court excludes child abuse evidence other than the newspaper article and the Detective Bearden conversation.  Any other evidence on the abuse would not be relevant.  If the government believes abuse evidence becomes relevant at trial, the Government should approach the Court at trial to revisit this ruling.

The Court also cautions the government to avoid questioning about Child 2's specific injuries.  The government should cabin its inquiry to those items that the government can show Defendant Cole had in her possession at the time of the December 2016 letter.

The government's witness list includes a nurse who examined Child 2's injuries.[37]  The government states that it only intends to call this witness if Defendant Cole makes Child 2's injuries relevant to the case by disputing that Child 2's injuries occurred in Texas.[38]  At the pretrial conference, defense counsel stated that Defendant Cole does not plan to present this argument at trial.[39]

The Court finds that testimony by the nurse who examined Child 2 is not relevant.  If the government believes that Defendant Cole's trial evidence or arguments make the nurse's testimony relevant, the government may ask the Court to reconsider this ruling during trial.

---

[35] Doc. 135 at 16:17-18.
[36] Fed. R. Evid. 801(c).
[37] Doc. 135 at 14:25-15:17.
[38] Doc. 120 at 12.
[39] Doc. 135 at 15:22-16:6.

-7-

Case No. 1:20-cr-424
Gwin, J.

### e. Defendant Cole's Motion to Exclude Debarment Decision Evidence

Before the government charged Defendant Cole, the State Department investigated and temporarily debarred Defendant Cole's adoption agency, European Adoption Consultants.[40]

Defendant Cole moves to exclude evidence of or reference to European Adoption Consultants' debarment.[41]  Defendant Cole argues that this evidence should be excluded under Rule 403 because it would be "unfairly prejudicial, confusing, and misleading to the jury."[42]  Cole points to the fact that the agency proceedings against the agency involve a different burden of proof than the criminal case against her.[43]

The Court partially grants and partially denies Defendant Cole's motion.  The government may not present evidence on the State Department findings or conclusions, but it may present evidence that the State Department investigated the adoption agency.

The government may not present evidence on the State Department's ultimate findings or conclusions in the debarment proceedings.  The government also may not present evidence on the district court decision upholding those findings.  That evidence is potentially prejudicial because Defendant Cole was not a party to the proceeding and the administrative decision involved a lower burden of proof than the criminal charges at issue here.  Currently, the potential prejudice outweighs the relevance of the evidence.

The Court may revisit its ruling on the State Department findings and conclusions if Defendant Cole makes that evidence relevant.  Defendant Cole has proposed an expert

---

[40] *European Adoption Consultants, Inc. v. Pompeo*, 18-CV-1676, 2020 WL 515959, at *1 (D.D.C. Jan. 31, 2020), *appeal dismissed*, 20-5053, 2020 WL 3406482 (D.C. Cir. May 28, 2020).

[41] Doc. 122.

[42] *Id.* at 2.

[43] *Id.*

-8-

Case No. 1:20-cr-424
Gwin, J.

witness who will testify about the applicable adoption regulations.  Without commenting on the pending *Daubert* motion related to this witness, the Court observes that this expert's testimony could make the State Department findings and conclusions appropriate cross-examination material.  If that scenario occurs, the government may ask the Court to reconsider its ruling excluding the evidence.

The Court partially denies Defendant Cole's motion by permitting evidence on the State Department investigation of the adoption agency.  Responding to Defendant Cole's motion, the government argued that investigation evidence is relevant to Count 11, conspiracy to defraud the United States.[44]  The Court agrees.  At trial, the government will have the burden of proof to prove the indictment's allegations that Defendant Cole conspired to "impair, obstruct, and defeat the lawful functions of the United States."[45]  Defendant Cole has repeatedly argued in pretrial motions that she had no duty to disclose adoption information to the State Department, suggesting that this will be an important issue at trial.[46]  The Council of Accreditation referral and the State Department's investigation are relevant to the issue of whether Defendant Cole's alleged actions impaired, obstructed and defeated the State Department's lawful functions.

### f.   Defendant Cole's Motion to Exclude "Bad Acts" Evidence

The government gave notice to Defendant Cole that it plans to introduce evidence of two prior "bad acts" under Rule 404(B).[47]  The government seeks to introduce evidence that in 2015, Co-Conspirator 1 coached an adoptive parent to make misstatements to a Polish

---

[44] Doc. 129.
[45] *Id.* at 2; Doc. 1-2 at ¶¶ 92-94.
[46] Doc. 44 at 5-6; Doc. 75 at 6-9; Doc. 88 at 5, 8-10.
[47] Doc. 111.

Case No. 1:20-cr-424
Gwin, J.

court, and that when the adoptive parent raised concerns to Defendant Cole, Cole rebuked her and said her refusal could harm the adoption agency's Poland program.[48]   The government also seeks to introduce evidence that Cole instructed an employee to send false statements to the Russian government in a post-placement report, including falsifying the timeframe of the reported events.[49]

Defendant Cole moves to exclude evidence of both acts, arguing that the government is offering the evidence for an improper purpose under the rule.[50]

Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[51] The rule states that this "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[52]

Defendant Cole objects to the government's proposed evidence on two grounds: (1) the government did not provide sufficient notice and (2) the government offers the evidence for an improper purpose: to prove Defendant Cole's character and to show that she acted in accordance with that character.

As an initial matter, the Court finds that the government provided Defendant Cole with sufficient notice of the evidence of other acts it plans to offer.[53]   The government submitted written notice several weeks before trial.[54]  The government set out its proposed

---

[48] *Id.* at 3.
[49] *Id.*
[50] Doc. 127.
[51] Fed. R. Evid. 404(b)(1).
[52] Fed. R. Evid. 404(b)(2).
[53] Fed. R. Evid. 404(b)(3).
[54] Doc. 111.

Case No. 1:20-cr-424
Gwin, J.

purposes—knowledge, motive, intent, and absence of mistake—and the reasoning supporting those purposes.[55]  Before sending this notice, the government also disclosed FBI memoranda describing interviews with the two proposed witnesses.[56]

The Court also finds that the government offers the evidence for several permissible purposes: to show motive, intent, and absence of mistake.

Courts in the Sixth Circuit follow three steps to admit evidence under Rule 404(b). First, courts "decide whether there is sufficient evidence that the other act in question actually occurred."[57]  Second, courts "decide whether the evidence of the other act is probative of a material issue other than character."[58]  Third, courts "decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect."[59]

First, the Court finds that there is sufficient evidence that the other acts actually occurred.  The proposed witnesses reported their allegations in interviews with the FBI.  At this stage, the government's representation of the proposed testimony is sufficient.

Second, the Court finds that the other acts are probative of three material issues: intent, motive, and absence of mistake.

The proposed adoptive parent testimony is probative of intent.  The Sixth Circuit has held that "where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent."[60]  Here, the

---

[55] *Id.* at 2-4.
[56] *Id.* at 4-5.
[57] *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012) (quoting *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir.2003)).
[58] *Id.*
[59] *Id.*
[60] *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994); *United States v. Hardy*, 643 F.3d 143, 151 (6th Cir. 2011).

-11-

Case No. 1:20-cr-424
Gwin, J.

conspiracy to defraud charge requires the government to prove specific intent.[61]

"To determine if evidence of other acts is probative of intent, we look to whether the evidence relates to conduct that is 'substantially similar and reasonably near in time' to the specific intent offense at issue."[62] "[T]he prior acts need not duplicate exactly the instant charge but need only be sufficiently analogous to support an inference of criminal intent."[63]

Here, the adoptive parent will testify about events that occurred in the same year as the adoption at issue in this case. Both incidents occurred as part of the agency's Poland adoption program. Both allegedly involved joint efforts by Co-Conspirator 1 and Defendant Cole. Most importantly, both involved efforts to misstate facts to obtain adoption approval from the Polish government. The adoptive parent testimony is substantially similar and reasonably near in time to the charged conduct.

The proposed testimony by both witnesses is also probative of motive. For the adoptive parent testimony, the government says the parent will testify that when she refused to lie to the Polish court, Defendant Cole said that her refusal would put the agency's adoption program at risk.[64] For the employee testimony, the government says the employee will testify that Cole told her agency employees could lose their jobs if the employee did not submit a false report.[65] This evidence is probative for Defendant Cole's motive on Count 13, false statements to the Polish Central Authority.

In addition, the proposed testimony is probative of lack of mistake. Testimony that

---

[61] *United States v. Rodrigues*, 696 F. App'x 785, 787 (9th Cir. 2017) (unpublished).
[62] *Hardy*, 643 F.3d at 151 (quoting *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002)).
[63] *United States v. Barnes*, 822 F.3d 914, 922 (6th Cir. 2016) (quoting *United States v. Benton*, 852 F.2d 1456, 1468 (6th Cir. 1988)).
[64] Doc. 111 at 3.
[65] *Id.*

Case No. 1:20-cr-424
Gwin, J.

Defendant Cole coached an adoptive parent and a former employee to submit false information to foreign governments on separate occasions is relevant to the issue of whether any alleged misstatements in her December 2016 letter were inadvertent or intentional.

Turning to the third step of the 404(b) analysis, the Court finds that the probative value of this testimony outweighs the potential prejudice.  Prior act evidence does have potential to influence a jury.  Where evidence is admissible for multiple proper purposes, however, the probative value weighs heavily in the balancing analysis.[66]  To limit potential prejudice, the court can instruct the jury to consider the prior acts evidence only for the permissible purposes: intent, motive, and absence of mistake.[67]

The Court notes that admitting the former employee testimony is a closer call than admitting the adoptive parent testimony.  The government cannot narrow the date that Defendant Cole allegedly told her subordinate employee to submit a false report to Russian authorities.  At this point, however, the Court admits the former employee testimony because of its relevance and probative value for multiple permissible purposes.

## III.    Conclusion

For the stated reasons, the Court **GRANTS** the government's motion for a *Missouri v. Frye* finding.  The Court **GRANTS** the government's motions to exclude specific acts showing Defendant Cole's character.  The Court **GRANTS** the government's motion to exclude hearsay statements by Defendant Cole.  The Court **PARTIALLY GRANTS** Defendant Cole's motion to exclude child abuse evidence.  The Court **PARTIALLY GRANTS** Defendant Cole's

---

[66] *United States v. Ramer*, 883 F.3d 659, 670 (6th Cir. 2018).
[67] *See United States v. Tasis*, 696 F.3d 623, 628 (6th Cir. 2012) (holding that district court correctly instructed the jury on prior act evidence).

Case No. 1:20-cr-424
Gwin, J.

motion to exclude debarment evidence.  The Court **DENIES** Defendant Cole's motion to

exclude evidence of two prior acts.


IT IS SO ORDERED


Dated:  January 28, 2022                              _s/_      _James S. Gwin_
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE