UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:20-cr-424 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Docs. 109, 130, 131, 132] |
| MARGARET COLE, : | |
| : | |
| Defendant. : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The United States indicted Defendant Margaret Cole for conspiring to defraud the United States and indicted Cole for alleged false statements to an adoption accrediting entity and a Polish government agency.[1] The Court has set a February 9, 2022, trial date.

The government previously moved to call a Poland-based witness for trial testimony and asked for an order to allow the testimony by two-way closed-circuit television.[2] Alternatively, the government moved to take the Polish foreign witness's deposition under Federal Rule of Criminal Procedure 15.

While acknowledging that the closed-circuit television was likely permissible, the Court denied the government's request for closed-circuit testimony but granted the government's alternative request for a Rule 15 deposition.[3]

The Court allowed Defendant Cole to decide whether the deposition would occur in person in Poland or by videoconference.[4] The Court also made findings that supported conducting the Rule 15 deposition outside Defendant Cole's physical presence.[5]

---

[1] Doc. 1-2.
[2] Doc. 109.
[3] Doc. 116.
[4] *Id.* at 2, 12.
[5] *Id.* at 12 (citing cases allowing depositions with defendant participating by videoconference).

Case No. 1:20-cr-424
Gwin, J.

After the Court's ruling, Defendant Cole informed the Court and the government that she was unwilling to travel to Poland for the deposition.[6] She also informed the Court that she elected live two-way closed-circuit television testimony at trial over a videoconference deposition.[7] Although declining to use the opportunity to attend in the witness's deposition in person, Cole continued her constitutional objection to the two-way closed-circuit television testimony.[8]

Considering Defendant Cole's response that she is unwilling to travel to Poland and that she elects two-way closed-circuit trial testimony over a videoconference deposition, the government asks the Court to authorize two-way closed-circuit testimony by the Polish witness at trial.[9]

The Court heard argument from the parties on the Poland witness issue at a status conference before the Court's Rule 15 ruling.[10] The Court heard argument again at a pretrial conference after the ruling.[11]

For the reasons presented below, the Court **GRANTS** the government's motion to offer a witness for closed-circuit television testimony

I. Background

Defendant Cole ran an international adoption business, European Adoption Consultants. The grand jury indicted Cole on criminal charges related to her adoption work with that business.

---

[6] Doc. 130; Doc. 131.
[7] Doc. 130 at 3; Doc. 135 at 5:5-12.
[8] Doc. 130; Doc. 135 at 39:19-22; Doc. 131.
[9] Doc. 132.
[10] Doc. 125 at 14:11-20:18.
[11] Doc. 135 at 4:22-11:25, 38:13-44:4.

Case No. 1:20-cr-424
Gwin, J.

A grand jury indicted Defendant Cole in 2020.[12] The grand jury charged Defendant Cole with three crimes: (1) conspiracy to defraud the United States in violation of 18 U.S.C. § 371, (2) false statement to the Council on Accreditation in violation of 42 U.S.C. § 14944, and (3) false statement to the Polish Central Authority in violation of 42 U.S.C. § 14944.[13]

The government's proposed witness, Olgierd Podgorski, served as a Polish Central Authority official.[14] Under the Hague Convention, each Convention country appoints one Central Authority figure to supervise inter-country adoptions.[15]

Podgorski investigated the adoption at the center of Defendant Cole's case.[16] After Podgorski requested information about that adoption, Defendant Cole wrote a letter in response.[17] In this case, the government alleges that Defendant Cole's letter to the Polish Central Authority included false statements.[18]

Witness Podgorski is beyond this Court's subpoena power.[19] The witness is not willing to travel internationally because of single-parent family obligations and post-travel COVID-19-related quarantine requirements.[20] Because Witness Podgorski had no personal meetings with Cole, had no phone calls with Cole, and had only limited written communications with Cole, Witness Podgorski will give limited testimony. The Court estimates Podgorski will testify for less than two hours.

The government moved to call Witness Podgorski for two-way closed-circuit

---

[12] Doc. 1-2.
[13] *Id.* at ¶¶ 90-98.
[14] Doc. 109 at 1-2.
[15] *Id.* at 5.
[16] *Id.* at 6.
[17] *Id.* at 7.
[18] *Id.* at 11-12.
[19] Doc. 116 at 9-11.
[20] *Id.*

-3-

Case No. 1:20-cr-424
Gwin, J.

testimony at trial.[21] Alternatively, the government moved for a Rule 15 foreign deposition.[22] Defendant Cole opposed both requests.[23]

The Court denied the request for two-way closed-circuit testimony but granted the alternative request for a foreign deposition.[24] The Court noted that the government's right to use closed-circuit testimony was approved by other circuit courts but the Sixth Circuit had not approved or disapproved its use.[25] While noting that "this Court believes that closed-circuit testimony is likely admissible," the Court avoided the issue by denying the government's request.[26]

Instead, the Court granted a Rule 15 deposition. The Court made findings for each of the Rule 15 factors, finding them satisfied.[27] The Court's findings were sufficient to allow the deposition to proceed with Defendant Cole participating by videoconference.[28] Rather than ordering videoconference participation, however, the Court gave Defendant Cole the option to choose between an in-person deposition and a videoconference deposition.[29] The Court also noted that if Defendant Cole chose an in-person deposition, the Court would consider modifying her bond conditions to allow international travel.[30]

Defendant Cole moved for reconsideration of the January 25 Order authorizing a Rule 15 deposition.[31] She argued that traveling to Poland was a "practical impossibility" and

---

[21] Doc. 109.
[22] *Id.*
[23] Doc. 114.
[24] Doc. 116.
[25] *Id.* at 4, 6-7.
[26] *Id.*
[27] *Id.* at 7-12.
[28] *Id.* at 11-12 (citing cases allowing depositions with defendant participating by videoconference); *see also* Fed. R. Crim. P. 15(c)(3)).
[29] Doc. 116 at 11-12.
[30] *Id.* at 2.
[31] Doc. 130.

-4-

Case No. 1:20-cr-424
Gwin, J.

argued that a videoconference deposition would violate her Confrontation Clause rights.[32] Having refused the opportunity to travel to Poland for Witness Podgorski's testimony, the Defendant represented that she preferred Podgorski's testimony over closed-circuit television rather than Podgorski's testimony in a Rule 15 deposition.[33] Defense counsel reiterated this preference at a pretrial conference.[34]

At the pretrial conference, the Court clarified that if Cole wanted to personally attend the Poland deposition, the Court would consider moving the trial date to allow travel to Poland.[35] The Court gave Defendant Cole time to consider whether she preferred an in-person Poland deposition or a videoconference deposition. After time to consider her options, Defendant Cole reiterated her objection to all three options but confirmed that she would not travel to Poland.[36]

After Defendant Cole confirmed that she would not participate in the Rule 15 deposition this Court ordered, the government again moved the Court to authorize two-way closed-circuit testimony.[37]

The government's proposed conditions for two-way closed-circuit testimony are: (1) the witness will be sworn in like any other live witness; (2) the jury and the defendant will be able to see the witness, and vice versa; (3) the witness will be able to view all potential exhibits; (4) the government will coordinate a translator; (5) the government will seek to have a separate phone line available between the witness and the translator to facilitate real-time

---

[32] *Id.* at 1-2.
[33] *Id.* at 3.
[34] Doc. 135 at 5:5-12.
[35] *Id.* at 5:20-6:9.
[36] Doc. 131.
[37] Doc. 132.

-5-

Case No. 1:20-cr-424
Gwin, J.

translation; and (6) the witness will testify at the U.S. Embassy in Warsaw, a Polish government office, or another location determined by the mutual legal assistance process.[38]

## II. Legal Standard

In *Maryland v. Craig*, 497 U.S. 836 (1990), the Supreme Court held that one-way closed-circuit television testimony by child witnesses satisfies the Confrontation Clause "where necessary to protect a child witness from trauma that would be caused by testifying in the physical presence of the defendant."[39] *Craig* involved a child witness completely shielded from contact with the defendant. The Supreme Court held that "the presence of these other elements of confrontation—oath, cross-examination, and observation of the witness' demeanor—adequately ensures that the testimony is both reliable and subject to rigorous adversarial testing in a manner functionally equivalent to that accorded live, in-person testimony."[40]

Congress later passed a law codifying the rule for child witnesses.[41]

After its *Craig* ruling, the Supreme Court decided *Crawford v. Washington*.[42]

The Sixth Circuit has continued to apply the *Craig* rule to allow child witnesses to testify by closed-circuit television in cases with sufficient necessity.[43] The Sixth Circuit has noted some possible tension between the Supreme Court's *Craig* and *Crawford* decisions but has held that *Craig* remains viable in the child witness context even after *Crawford*.[44]

In the adult witness context, the circuits have split over the correct legal standard for

---

[38] Doc. 109 at 17.
[39] 497 U.S. 836, 857 (1990).
[40] *Id.* at 851.
[41] 18 U.S.C. § 3509.
[42] 541 U.S. 36 (2004).
[43] *United States v. Wandahsega*, 924 F.3d 868, 879 (6th Cir. 2019).
[44] *Id.*

Case No. 1:20-cr-424
Gwin, J.

two-way video testimony. The Second Circuit allows two-way video testimony in any case where the Rule 15 factors for a deposition are satisfied.[45] The Second Circuit established this approach in *United States v. Gigante*, 166 F.3d 75 (2d Cir. 1999). Courts in the Second Circuit continue to apply that standard to allow two-way closed-circuit testimony.[46]

Several other circuits apply a higher standard to two-way closed-circuit testimony.[47] Those circuits allow two-way closed-circuit video testimony only where it is "necessary to further an important public policy and only where the reliability of the testimony is otherwise assured."[48]

While the Sixth Circuit has not taken a position in a published case, the Sixth Circuit followed the Second Circuit's *Gigante* decision in an unpublished case, *United States v. Benson*, 79 F. App'x 813 (6th Cir. 2003). In that case, the Sixth Circuit upheld a district court decision allowing two-way video testimony by an 85-year-old witness who was unable to travel for health reasons.[49] In making this ruling, the Sixth Circuit endorsed the Second Circuit's *Gigante* reasoning.[50]

At least one other court analyzing the circuit split has concluded that the Sixth and Second Circuits follow the same approach.[51]

III.    Discussion

---

[45] *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999).
[46] *United States v. Mostafa*, 14 F. Supp. 3d 515, 524-25 (S.D.N.Y. 2014) (granting government motion to call witness for closed-circuit testimony); *United States v. Donziger*, 11-CV-691 (LAK), 2020 WL 5152162, at *3 (S.D.N.Y. Aug. 31, 2020), *reconsideration denied*, 11-CV-691 (LAK), 2020 WL 8465435 (S.D.N.Y. Oct. 23, 2020) (same); *United States. v. Akhavan*, 523 F. Supp. 3d 443, 455-56 (S.D.N.Y. Mar. 1, 2021) (same).
[47] *United States v. Yates*, 438 F.3d 1307, 1314 (11th Cir. 2006); *United States v. Bordeaux*, 400 F.3d 548, 554 (8th Cir. 2005); *Horn v. Quarterman*, 508 F.3d 306, 319-20 (5th Cir. 2007).
[48] *Yates*, 438 F.3d at 1314 (quoting *Craig*, 497 U.S. at 850).
[49] *United States v. Benson*, 79 F. App'x 813, 820-21 (6th Cir. 2003).
[50] *Id.* at 821 (quoting *Gigante* and stating that the "same reasoning applies in this case").
[51] *United States v. Prokop*, 2:09-CR-00022-MMD, 2014 WL 1154164, at *2 (D. Nev. Mar. 20, 2014) ("The Sixth Circuit appears to follow the Second Circuit.").

Case No. 1:20-cr-424
Gwin, J.

Under the Second Circuit's *Gigante* and the Sixth Circuit's *Benson* approach, courts may order two-way video testimony after finding that the Rule 15 deposition standards are met. The Court's January 25 Order made specific findings for each of the Rule 15 factors, finding them satisfied.[52] The Court incorporates those findings here.

In the January 25 Order, the Court found that exceptional circumstances and the interest of justice supported preserving Witness Podgorski's testimony for trial.[53] The Court also found that the factors for a foreign deposition were satisfied: Witness Podgorski's testimony is material, he is unavailable, and Defendant Cole could meaningfully participate even if she could not travel to Poland.[54] Those Rule 15 findings are sufficient to justify two-way closed-circuit testimony under the *Gigante* and *Benson* standard.

Even under the higher standard applied in other circuits, two-way closed-circuit testimony is permissible here. Witness Podgorski's two-way closed-circuit testimony is necessary to protect an important public policy, and the reliability of the testimony is otherwise assured.[55]

First, allowing Witness Podgorski's testimony is necessary to protect an important public policy.[56] The allegations at issue in this case involve important interests not only for the United States government, but also for the Polish government. The government alleges that Defendant Cole and her co-conspirators provided false information about an adoption

---

[52] Doc. 116 at 7-12.
[53] *Id.* at 7-8.
[54] *Id.* at 8-12.
[55] *See Yates,* 438 F.3d at 1314 (quoting *Craig,* 497 U.S. at 850) (holding that two-way closed-circuit testimony is permissible only where it is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured").
[56] *See United v. Sapse,* 2:10-CR-00370-KJD, 2012 WL 5334630, at *2 (D. Nev. Oct. 26, 2012) (analyzing the public policy factor).

Case No. 1:20-cr-424
Gwin, J.

to the Polish government.[57] The Polish government investigated that adoption after the child was seriously injured.[58] The government alleges that Defendant Cole provided false information to Witness Podgorski while he performed that investigation on behalf of the Polish government.[59] Allowing Witness Podgorski's testimony will allow jurors to determine the truth of those allegations.

Witness Podgorski is beyond this Court's subpoena power, making the case for two-way video testimony even stronger than in cases allowing video appearances for witnesses for health reasons.[60]

Second, the opportunity to contest Witness Podgorski's testimony is otherwise assured. While he will not be physically present in the courtroom, all other aspects of confrontation will be satisfied. Most importantly, Defendant Cole will have the opportunity to cross-examine Witness Podgorski during trial.[61] Witness Podgorski will be under oath.[62] The jury will be able to see his demeanor.[63] The two-way video will also allow Defendant Cole and Witness Podgorski to see each other, providing stronger protection to her confrontation right than the procedure approved in *Craig*.

As the United States District Court for the Southern District of New York observed when permitting two-way closed-circuit testimony, this technology "preserve[s] almost all

---

[57] Doc. 1-2 at ¶¶ 91-94.
[58] Doc. 109 at 6-7.
[59] *Id.* at 7; Doc. 1-2 at ¶ 98.
[60] *See Benson*, 79 F. App'x at 821 (allowing remote testimony for U.S.-based witness subject to subpoena power); *see also Sapse*, 2012 WL 5334630, at *3 (same).
[61] *See Crawford*, 541 U.S. at 57 (emphasizing importance of cross-examination to the confrontation right); *see also United States v. Rosenau*, 870 F. Supp. 2d 1109, 1115 (W.D. Wash. 2012) (permitting two-way video testimony while observing that a "close reading of *Crawford* reveals that the opportunity for rigorous cross-examination, rather than mere physical presence of the defendant, is the central tenet of the confrontation right").
[62] *See Craig*, 497 U.S. at 837 (analyzing elements of the confrontation right).
[63] *Id.*

-9-

Case No. 1:20-cr-424
Gwin, J.

the intangible elements of the ordeal of testifying in a courtroom."[64]

Defendant Cole asks the Court to reconsider its Rule 15 order instead of ordering two-way closed-circuit testimony, arguing that she is unable to travel to Poland for health reasons. The Court's January 25 order, however, already made the findings required for a foreign deposition outside the defendant's physical presence.[65] Other courts have ordered foreign depositions to proceed with the defendant participating only by videoconference.[66]

The Court agrees with Defendant Cole that her cross-examination right is better protected by live two-way video testimony at trial than by a videoconference deposition. For that reason, the Court grants the live testimony over the deposition. The Court merely notes, however, that Rule 15 allows foreign depositions where the defendant is unable to travel to the country where the witness lives. As the Court found in the January 25 Order, Rule 15 would allow a deposition here even if Defendant Cole cannot travel to Poland.

The Court grants live two-way testimony because this form of testimony protects Defendant Cole's confrontation right while accounting for the exceptional circumstances of this case. Although Defendant Cole objects to this form of testimony, she expressed a preference for two-way closed-circuit testimony over a videoconference deposition. The Court agrees that live cross-examination provides stronger protection for her right to cross-examine the witness than a Rule 15 deposition.

IV. Conclusion

---

[64] *Akhavan*, 523 F. Supp. at 456 (quotation marks omitted).
[65] Doc. 116 at 12.
[66] *See United States v. Xiaorong You*, 2:19-CR-14, 2020 WL 3549828, at *4 (E.D. Tenn. June 30, 2020) ("The Court finds that a live-streamed video conference will allow Defendant's meaningful participation."); *see also United States v. Suzuki*, 215CR00198GMNNJK, 2021 WL 4245354, at *5-6 (D. Nev. Sept. 17, 2021) (holding that two-way videoconference allows meaningful participation); *see also United States v. Medjuck*, 156 F.3d 916, 920 (9th Cir. 1998) (holding that meaningful participation standard was satisfied where defendant viewed depositions by video while speaking to attorneys by telephone).

-10-

Case No. 1:20-cr-424
Gwin, J.

For the stated reasons, the Court **GRANTS** the government's motion to offer Witness Podgorski's testimony by two-way closed-circuit television at trial.

IT IS SO ORDERED

Dated: January 31, 2022       *s/ James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE