IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 20 CR. 424 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA PARRIS, | ) | PLEA AGREEMENT |
| | ) | |
| Defendant. | ) | |

Pursuant to Rules 11(a) and (b) of the Federal Rules of Criminal Procedure, and in

consideration of the mutual promises set forth below, the United States Attorney's Office for the

Northern District of Ohio and the United States Department of Justice, Criminal Division, Fraud

Section (collectively, the "United States" or the "Government"), by and through their

undersigned attorneys, and the defendant, DEBRA PARRIS (hereinafter "Defendant"), agree as

follows:

## MAXIMUM PENALTIES AND OTHER
## CONSEQUENCES OF PLEADING GUILTY

1.    **Waiver of Constitutional Trial Rights.** Defendant understands that Defendant

has the right to plead not guilty and go to trial.  At trial, Defendant would be presumed innocent,

have the right to trial by jury or, with the consent of the United States, to trial by the Court, the

*Defendant's Initials*

Plea Agreement of Debra Parris – page 2 of 18

right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. Defendant understands that Defendant has the right to an attorney at every stage of the proceedings and, if necessary, one will be appointed to represent Defendant. Defendant understands that by pleading guilty, Defendant specifically and voluntarily waives each of these trial rights, except the right to counsel. Defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts the guilty plea, the Court will find Defendant guilty without a trial.

2.    **Statutory Penalties.** Defendant understands that the statutory maximum penalties, and minimum penalties if applicable, for the counts to which Defendant agrees to plead guilty are as follows:

| Count | Statute and Description of Offense | Statutory Sentence Per Count |
|---|---|---|
| 1 | Title 18, U.S.C. § 371: Conspiracy | Maximum imprisonment: 5 years |
| | | Maximum Statutory fine: $250,000 or twice the pecuniary gain or loss |
| | | Maximum period of supervised release: 3 years |
| | | Special assessment: $100 |
| 11 | Title 18, U.S.C. § 371: Conspiracy | Maximum imprisonment: 5 years |
| | | Maximum Statutory fine: $250,000 or twice the pecuniary gain or loss |
| | | Maximum period of supervised release: 3 years |
| | | Special assessment: $100 |

3.    **Special Assessment.** As set forth above, Defendant will be required to pay a mandatory special assessment of $100 for each count of conviction, for a total of $200, due immediately upon sentencing.



*Defendant's Initials*

4.     **Costs.**  The Court may order Defendant to pay the costs of prosecution and sentence, including but not limited to imprisonment, community confinement, home detention, probation, and supervised release.

5.     **Restitution.**  The Court may order Defendant to pay restitution as a condition of the sentence, probation, and/or supervised release.

6.     **Violation of Probation/Supervised Release.**  If Defendant violates any term or condition of probation or supervised release, such violation could result in a period of incarceration or other additional penalty as imposed by the Court.  In some circumstances, the combined term of imprisonment under the initial sentence and additional period of incarceration could exceed the maximum statutory term.

7.     **Immigration Consequences.**  Defendant understands that a convicted person who is not a United States citizen may be removed from the United States, denied citizenship and denied admission to the United States in the future.   Defendant recognizes that pleading guilty may have negative consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the Court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if the consequence is Defendant's automatic removal from the United States.

*Defendant's Initials*

Plea Agreement of Debra Parris – page 4 of 18

## PLEA(S) AND OTHER CHARGE(S)

8.    **Agreement to Plead Guilty.**  Defendant agrees to waive her right to challenge venue in the United States District Court for the Northern District of Ohio and to plead guilty to Counts 1 and 11 of the Indictment filed in this case on or about August 13, 2020 (ECF 1).

9.    **Agreement Not to Bring Certain Other Charges.**  The United States will not bring any other criminal charges against Defendant for violations known to the United States on the date of the execution of this agreement as it relates to this investigation, for conduct disclosed to the United States by Defendant during proffers, or relating to conduct charged in the Indictment and/or described in the Factual Basis section of this agreement based on facts currently within the knowledge of the United States. The United States will dismiss the charges against Defendant in counts 2, 3, 4, 5, 6, 7, 8, 9, and 10 at the time of sentencing.

## ELEMENTS OF THE OFFENSE

10.    The elements of the offenses to which Defendant will plead guilty are:

| **Count One: Title 18, U.S.C. § 371 (Conspiracy to Violate the Foreign Corrupt Practices Act and to Commit Visa Fraud)** |
| --- |
| 1: Two or more persons conspired, or agreed, to commit offenses against the United States, to wit: violating the Foreign Corrupt Practices Act, in violation of 15 U.S.C. § 78dd-2, and visa fraud, in violation of 18 U.S.C. § 1546(a); |
| 2: Defendant knowingly and voluntarily joined the conspiracy; and |
| 3: A member of the conspiracy committed one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy. |
| **Count Eleven: Title 18, U.S.C. § 371 (Conspiracy to Defraud the United States)** |
| 1: Defendant agreed with another to defraud the United States, or one of its agencies or departments, by dishonest means. |
| 2: Defendant knowingly and voluntarily joined the conspiracy. |
| 3: A member of the conspiracy committed one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy. |

*Defendant's Initials* 

## SENTENCING STIPULATIONS AND AGREEMENTS

11.    **Sentencing Guidelines.**  Defendant understands that sentencing rests within the discretion of the Court; that federal sentencing law requires the Court to impose a sentence which is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a); and that the Court must consider among other factors the advisory United States Sentencing Guidelines in effect at the time of sentencing and that in determining the sentence, the Court may depart or vary from the advisory guideline range.

12.    **Presentence Report.**  Defendant understands that the advisory guideline range will be determined by the Court at the time of sentencing, after a presentence report has been prepared by the U.S. Probation Office and reviewed by the parties.  Defendant further understands that the United States may provide to the U.S. Probation Office all known information regarding Defendant's conduct subject to its limited use under U.S.S.G. § 1B1.8 and except as protected under the proffer agreement if any.

13.    **No Agreement about Sentence or Sentencing Range.**  The parties have no agreement about the sentencing range to be used or sentence to be imposed in this case, other than to stipulate to the computation of the advisory Sentencing Guidelines offense level.  Each party is free to recommend whatever sentence it believes to be appropriate.

14.    **Sentencing Recommendations Not Binding on the Court.**  Defendant understands that the recommendations of the parties will not be binding upon the Court, that the Court alone will decide the advisory guideline range under the Sentencing Guidelines, whether there is any basis to depart from that range or impose a sentence outside the advisory guideline range, and what sentence to impose.  Defendant further understands that once the Court has accepted Defendant's guilty plea, Defendant will not have the right to withdraw such a plea if the

*Defendant's Initials* _DP_

Court does not accept any sentencing recommendations made on Defendant's behalf or if Defendant is otherwise dissatisfied with the sentence.

15.     **Allocution.** Defendant understands and agrees that the United States reserves the opportunity to speak at Defendant's sentencing. The United States agrees that Defendant reserves the right of allocution at sentencing.

16.     **Stipulated Guideline Computation.** The parties agree that the following calculation, using the current advisory Sentencing Guidelines Manual, represents the correct computation of the applicable offense level.

| Group 1: Bribing Foreign Officials | USSG Section | Level |
|---|---|---|
| Base offense level | § 2C1.1 | 12 |
| More than one bribe | § 2C1.1(b)(1) | +2 |
| Bribes in excess of $15,000 | §§ 2C1.1(b)(2), 2B1.1(b)(1)(C) | +4 |
| Offense involved high-level or sensitive public official | § 2C1.1(b)(3); see comment 4 | +4 |
| Large number of vulnerable victims | §3A1.1(b)(2) | +4 |
| Total | | 26 |

| Group 2: Visa Fraud | USSG Section | Level |
|---|---|---|
| Base offense level | § 2L2.1 | 11 |
| Total | | 11 |

| Group 3: Conspiracy to Defraud the United States | USSG Section | Level |
|---|---|---|
| Base offense level | § 2B1.1 | 7 |
| Substantial part of the scheme outside the United States | § 2B1.1(b)(10) | +2 |
| Increase to level 12 required by enhancement | § 2B1.1(b)(10) | +3 |
| Total | | 12 |

| Grouping Analysis | USSG Section | Level |
|---|---|---|
| Offense level of highest group | § 3D1.4 | 26 |
| Increase in offense level from additional units | §§ 3D1.4(a), 3D1.4(c) | 0 |
| **Total Combined Offense Level Before Acceptance of Responsibility** | | **26** |

*Defendant's Initials*

Unless otherwise agreed to below, the parties agree that no other specific offense characteristics, Guideline adjustments or Guideline departures apply.

17.    **Acceptance of Responsibility.**  The United States has no reason to believe at this time that Defendant has not clearly and affirmatively accepted personal responsibility for Defendant's criminal conduct.  The United States agrees to recommend a three (3) level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), provided Defendant's conduct continues to reflect Defendant's acceptance of responsibility.  Defendant understands it will be up to the Court at the time of sentencing to determine whether a reduction for acceptance of responsibility is appropriate.

18.    **Criminal History Category.**  The parties have no agreement about the Criminal History Category applicable in this case.  Defendant understands that the Criminal History Category will be determined by the Court after the completion of a Pre-Sentence Investigation by the U.S. Probation Office.

### WAIVER OF APPEAL AND POST-CONVICTION ATTACK

19.    Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum or (b) the Court's determination of Defendant's Criminal History Category.  Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

*Defendant's Initials*

Plea Agreement of Debra Parris – page 8 of 18

## WAIVER OF STATUTE OF LIMITATIONS

20.     Defendant waives all defenses based on the statute of limitations with respect to
any prosecution that is not already time-barred by the applicable statute of limitation on the date
of Defendant's signing of this agreement and that is commenced within one year after any of the
following events: (1) Defendant fails to plead guilty at the plea proceeding or the Court refuses
to accept a guilty plea by Defendant pursuant to this agreement; (2) the Court permits Defendant
to withdraw a guilty plea entered pursuant to this agreement or otherwise vacates such a guilty
plea; or (3) the conviction obtained pursuant to this agreement is vacated, overturned, or
otherwise set aside.  Defendant understands the waiver of the statute of limitations is effective
immediately upon Defendant's signing of this agreement and is not conditioned upon the
approval of this agreement by the Court.

## FACTUAL BASIS AND RELEVANT CONDUCT

21.     Defendant agrees that the following summary fairly and accurately sets forth
Defendant's offense conduct and a factual basis for the guilty plea.  Defendant further agrees that
the facts set forth in the summary are true and could be established beyond a reasonable doubt if
the case were to proceed to trial:

*Uganda*

a.      From in or about 2012 to in or about 2017, Defendant, a United States citizen,
        worked for an international adoption agency ("Adoption Agency") based in Strongsville,
        Ohio, which was in the Northern District of Ohio, Eastern Division.  Defendant's
        responsibilities included managing aspects of Adoption Agency's adoption program in
        Uganda in coordination with Robin Longoria and others.

b.      In or about 2013, Adoption Agency entered into an agreement with Dorah
        Mirembe, an attorney based in Kampala, Uganda, to provide adoption-related services to

*Defendant's Initials*

Adoption Agency. From in or about 2013 to in or about 2016, Adoption Agency directed its clients to hire Mirembe as their attorney for adoption-related proceedings in Uganda. Mirembe, among other things, identified children for potential adoption by Adoption Agency's clients; represented Adoption Agency's clients in Ugandan court proceedings; and assisted Adoption Agency's clients in applying to the United States Department of State (the "State Department") for visas for the children they intended to adopt.

c.      From in or about 2013 through in or about 2016, Adoption Agency, in collaboration with Mirembe, facilitated the adoption of more than 30 Ugandan children by U.S. clients.

d.      Mirembe caused bribes to be paid to Ugandan government officials for the purpose of influencing them to misuse their official positions by taking actions that assisted Mirembe and Adoption Agency in facilitating adoptions. These bribes included bribes to probation officers to influence them to issue favorable probation reports recommending that a particular child be placed into an orphanage; bribes to court registrars to influence them to assign particular cases to "adoption-friendly" judges; and bribes to High Court judges to influence them to issue favorable guardianship orders to Adoption Agency's clients.

e.      Mirembe and her staff regularly sent emails to Defendant and Longoria requesting payment. These emails included charts listing specific costs for services performed and costs incurred by Mirembe. The charts identified the specific services and costs with reference to particular Adoption Agency clients. The charts included descriptions of the services and costs. Bribe payments were not explicitly described as bribes but, rather, as "fees" or other types of costs. For example, bribes to court registrars were often

*Defendant's Initials*

Plea Agreement of Debra Parris – page 10 of 18

described as "court filing fees" and bribes to judges were often described as "judge's fees." Individual bribes were often in the amount of hundreds of U.S. dollars or more.

f.      Beginning in at least in or about 2015, Defendant participated in the scheme, knowing that Mirembe would use these fees, at least in part, to cause bribes to be paid to Ugandan government officials to influence those officials' acts in their official capacity to assist Adoption Agency in obtaining business. Defendant, together with Longoria and others, understood that Adoption Agency wired funds to Mirembe knowing that the funds would be used, at least in part, to pay bribes.

g.      Defendant, beginning in at least in or about 2015, also understood that Longoria and Mirembe caused Adoption Agency's clients to provide false information to the State Department for the purpose of misleading the State Department in its adjudication of visa applications from Uganda. Defendant nevertheless continued to direct Adoption Agency clients to retain Mirembe as their attorney for adoption-related proceedings in Uganda.

***Poland***

h.      Poland Client was a client of Adoption Agency who travelled to Poland in approximately May 2015 to adopt two siblings, Child 1 and Child 2. While Poland Client was still in Poland, Adoption Agency Executive Director Margaret Cole contacted Defendant and told her that Poland Client had told Cole, in sum and substance, that Poland Client could not raise Child 2.

i.      Defendant then spoke with Poland Client, while Poland Client was still in Poland, and Poland Client also told Defendant, in sum and substance, that Poland Client and

*Defendant's Initials*

Poland Client's spouse had decided that they could bring Child 1 into their home but not Child 2.

j.     While Poland Client was still in Poland, Cole recommended to Defendant that Parris Relatives 1 and 2 take custody of Child 2 from Poland Client once Poland Client and Child 2 arrived in the United States. Parris Relatives 1 and 2 agreed to do so, and Defendant informed Cole of that.

k.     On or about July 4, 2015, Poland Client traveled from Poland to Dallas/Fort Worth International Airport (DFW Airport) with Child 1 and Child 2. There, Poland Client met Defendant, who had arranged for an attorney in Texas to create transfer of custody documentation to transfer Child 2 from Poland Client to Parris Relatives 1 and 2. Defendant also had arranged for Longoria to meet them at DFW Airport to notarize the signatures on the transfer of custody paperwork.

l.     Poland Client signed the transfer of custody documentation at DFW Airport. Defendant escorted Child 2 from Poland Client to Parris Relative 2. Child 2 then lived with Parris Relatives 1 and 2.

m.     By the time that Parris Relatives 1 and 2 took custody of Child 2 on or about July 4, 2015, Defendant had told Cole that (1) Parris Relatives 1 and 2 were Defendant's relatives; (2) Parris Relatives 1 and 2 intended to raise Child 2 in their home; and (3) Parris Relatives 1 and 2 had not completed a home study, which is required for intercountry adoption. Cole advised Defendant that Defendant should proceed with transferring Child 2 to Parris Relatives 1 and 2.

Defendant's Initials

Plea Agreement of Debra Parris – page 12 of 18

n.      In the period between approximately July 2015 and approximately August 2016, Defendant informed Cole occasionally that Paris Relatives 1 and 2 continued to raise Child 2 in their home.

o.      In or about August 2016, Child 2 was injured and hospitalized. Defendant spoke with Cole after Child 2 was hospitalized. Cole, in sum and substance, expressed concern for the repercussions for Adoption Agency but did not express concern for Child 2's well-being.

p.      Defendant understood that Adoption Agency's conduct in relation to Child 2 could place in jeopardy Adoption Agency's ability to facilitate intercountry adoptions. Defendant understood that, among other things, Adoption Agency could have its accreditation revoked by the Council on Accreditation or the State Department, and Adoption Agency's ability to operate in Poland could be revoked by the Polish authorities.

q.      Defendant agreed to assist Cole to conceal the roles of Cole and Adoption Agency in causing the transfer of custody of Child 2 from Poland Client to Parris Relatives 1 and 2. Specifically, on or about December 9, 2016, Parris Relative 1 wrote an email to Defendant that falsely stated, "[We] were just temporary guardians of there [sic] four year old child from Poland until they decided what they wanted to do with the child until February 2016". Defendant forwarded the false email to Cole. Defendant did so while knowing that Cole would use the false email to conceal from authorities, including the State Department and the Polish central authority for intercountry adoption, that Cole and Adoption Agency caused the permanent transfer of Child 2 to Parris Relatives 1 and 2 in contravention of applicable rules and regulations governing intercountry adoption.

*Defendant's Initials* 

Plea Agreement of Debra Parris – page 13 of 18

22.     Defendant acknowledges that the above summary of Defendant's conduct does not set forth each and every fact that the United States could prove at trial, nor does it encompass all of the acts which Defendant committed in furtherance of the offenses to which Defendant is pleading guilty.

## RESTITUTION

23.     **Restitution.** Defendant agrees to make full restitution as ordered by the Court pursuant to 18 U.S.C. § 3663A, on a joint and several basis, payable immediately on such terms and conditions as the Court may impose, for the losses caused by Defendant's relevant conduct in this case, as defined under Guideline § 1B1.3. Defendant agrees not to seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant understands that pursuant to 18 U.S.C. § 3664, the Court shall order the U.S. Probation Office to prepare a report containing information sufficient for the Court to fashion a restitution order. In preparing that report, the U.S. Probation Office may solicit the views of the United States, Defendant, and any victim. Defendant understands that victims have the right to present their position on restitution directly to the Court at the time of sentencing.

## OTHER PROVISIONS

24.     **Financial Statement.** Defendant agrees fully to disclose all assets in which Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Defendant agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to the United States Attorney's Office. Defendant agrees to provide updates with any material changes in circumstances, as described in

*Defendant's Initials*

Plea Agreement of Debra Parris – page 14 of 18

18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. Defendant expressly authorizes the U.S. Attorney's Office to obtain Defendant's credit report. Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

25.     **The Parties are Free to Advise the Court about Matters Not Expressly Addressed.** This agreement is silent about all aspects of the determination of sentence not expressly addressed herein, and the parties are free to advise the Court of facts and to make recommendations to the Court with respect to all aspects of sentencing not agreed to herein.

26.     **Consequences of Breaching the Plea Agreement.** Defendant understands that if Defendant breaches any promise in this agreement, commits additional crimes, obstructs justice, attempts to withdraw Defendant's guilty plea, or if Defendant's guilty plea is rejected by the Court or is vacated or set aside, the United States will be released from all of its obligations under this agreement and may institute or maintain any charges and make any recommendations with respect to sentencing that otherwise would be prohibited under the terms of the agreement. Defendant understands, however, that a breach of the agreement by Defendant will not entitle Defendant to withdraw, vacate, or set aside Defendant's guilty plea or conviction.

27.     **Agreement not Binding on other Jurisdictions and Agencies.** Defendant understands that this plea agreement is binding only on the United States Attorney's Office for the Northern District of Ohio and the Fraud Section of the Criminal Division of the U.S.

 *Defendant's Initials*

Department of Justice. It does not bind any other United States Attorney, any other federal agency, or any state or local government.

28. **Defendant Is Satisfied with Assistance of Counsel.** Defendant makes the following truthful statements: I have discussed this case and this plea agreement in detail with my attorney who has advised me of my Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. I have had sufficient time and opportunity to discuss all aspects of the case in detail with my attorney and have told my attorney everything I know about the charges, any defenses I may have to the charges, and all personal and financial circumstances in possible mitigation of sentence. I am satisfied with the legal services and advice provided to me by my attorney.

29. **Agreement Is Complete and Voluntarily Entered.** Defendant and Defendant's undersigned attorney state that this agreement, including any addendums discussed in open court and on the record at the time of the change of plea (if any), is the entire agreement between Defendant and the United States, and that no other promises or inducements have been made, directly or indirectly, by any agent or representative of the United States government concerning any plea to be entered in this case. In particular, no promises or agreements have been made with respect to any actual or prospective civil or administrative proceedings or actions involving Defendant, except as expressly stated herein. In addition, Defendant states that no person has threatened or coerced Defendant to do or to refrain from doing anything in connection with this

*Defendant's Initials*

case, including Defendant's decision to enter a guilty plea. Finally, Defendant acknowledges

that this agreement cannot be modified unless in writing and subject to approval by the Court.

*Defendant's Initials*

Plea Agreement of Debra Parris – page 17 of 18

## SIGNATURES

**Defendant:**    I have read (or have had read to me) this entire plea agreement and have discussed it with my attorney.  I have initialed each page of the agreement to signify that I understand and approve the provisions on that page.  I am entering this agreement voluntarily and of my own free will.  No threats have been made to me, nor am I under the influence of anything that could impair my ability to understand this agreement.

_____          _11 | 11 | 2 1_
Debra Parris                                                          Date
Defendant


**Defense Counsel:**    I have read this plea agreement and concur in Defendant pleading in accordance with terms of the agreement.  I have explained this plea agreement to Defendant, and to the best of my knowledge and belief, Defendant understands the agreement.

_____          _11 / 11 / 2 1_
Bret Martin, Esq.                                                 Date
Counsel for Defendant


**United States Attorney's Office:** I accept and agree to this plea agreement on behalf of the United States Attorney for the Northern District of Ohio.

_____          11-16-21
Chelsea S. Rice (OH: 0076905)                    Date
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3752
(216) 522-7358 (facsimile)
Chelsea.Rice@usdoj.gov


*Defendant's Initials*

Plea Agreement of Debra Parris – page 18 of 18

**Fraud Section**: I accept and agree to this plea agreement on behalf of the United States Department of Justice, Criminal Division, Fraud Section.

_Jason Manning_       November 16, 2021
_____    _____
Jason Manning (NY)            Date
Trial Attorney, Department of Justice
1400 New York Avenue NW
Washington, DC 20005
(202) 514-6256
Jason.Manning@usdoj.gov

APPROVED:

_____    11/17/2021
_____    _____
The Honorable James S. Gwin        Date
United States District Court Judge

_Defendant's Initials_