
109654693

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

STATE OF OHIO EX REL ATTORNEY GENERAL DEWINE
    Plaintiff

Case No: CV-17-881099

Judge: ASHLEY KILBANE

EUROPEAN ADOPTION CONSULTANTS, INC. ET AL.
    Defendant

## JOURNAL ENTRY

96 DISP.OTHER - FINAL

THE PARTIES HAVE ENTERED INTO A CONSENT JUDGMENT AND AGREED FINAL ENTRY. ORDER ATTACHED. COURT COST ASSESSED TO THE DEFENDANT(S).

— OSJ —

Judge Signature      Date

2019 JUL 24 P 3:52
CLERK OF COURTS
CUYAHOGA COUNTY
FILED

- 96
07/24/2019

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, ex rel. ATTORNEY GENERAL DAVE YOST<br><br>Plaintiff,<br><br>v.<br><br>EUROPEAN ADOPTION CONSULTANTS, INC. d/b/a EAC, INC., et al.,<br><br>Defendants. | CASE NO. CV-17-881099<br><br>JUDGE ASHLEY KILBANE<br><br>**CONSENT JUDGMENT AND AGREED FINAL ENTRY AND ORDER** |

### PREAMBLE

This matter came to be heard upon the filing of a Complaint by Plaintiff, the State of Ohio ex rel. Attorney General Dave Yost ("Plaintiff" or "Attorney General"), alleging that Defendant European Adoption Consultants, Inc. dba EAC, Inc. ("Defendant EACI") and Defendant Margaret Cole ("Defendant Cole") (Defendant EACI and Defendant Cole are collectively "Defendants") have violated the Consumer Sales Practices Act, R.C. 1345.01 *et seq.*, the Ohio Charitable Trust Act, R.C. 109.23 *et seq.*, and the Ohio Charitable Organizations Act, R.C. 1716. The parties have agreed to settle and resolve the matters contained in the Complaint upon the terms set forth in this Consent Judgment.

### PLAINTIFF'S ALLEGATIONS

In the Complaint filed in this case and otherwise, Plaintiff has made and continues to make the following allegations against Defendants, all of which, except as admitted in their Answer, Defendants continue to deny:

1. Defendant EACI was established as a non-profit corporation with the Ohio Secretary of State on July 10, 1992. Defendant EACI did business in Cuyahoga County and other counties, in

the State of Ohio. Defendant EACI has tax-exempt status under section 501(c)(3) of the Internal Revenue Service Code.

2. The principal place of business for Defendant EACI was 12608 Alameda Drive, Strongsville, Ohio 44149.

3. Defendant Cole is a natural person whose last known address is 6731 County Line Road, Williamsfield, Ohio 44093.

4. Defendant Cole, as Executive Director of Defendant EACI, at all times pertinent hereto controlled and directed the business activities and conduct of Defendant EACI, causing, personally participating in, or ratifying the acts and practices of Defendant EACI, for the conduct giving rise to the violations described herein.

5. Defendants operated a business which solicited and provided intercountry adoption services throughout the United States, including in the State of Ohio and in Cuyahoga County.

6. Defendant EACI contracted with consumers to provide intercountry adoption services, including but not limited to processing applications and other paperwork, translation services, home studies, placement services, and post-placement services.

7. Consumers each paid Defendant EACI substantial amounts of money for intercountry adoption services.

8. Defendants represented to consumers that the consumers met the requirements for certain intercountry adoption programs, when such was not the case.

9. Defendants represented to consumers that they had enrolled those consumers in adoption programs for countries that, in fact, did not have intercountry adoption programs.

10. Defendants misrepresented the amount of time for an adoption in a particular country.

11. Defendants represented to consumers that the consumers had been enrolled in intercountry adoption programs to adopt an infant when, in fact, infant adoptions were rare or impossible in such countries.

12. Defendants represented that fees paid by consumers were forwarded to the country in which the consumer was enrolled, when such was not the case.

13. Defendants solicited donations to support Defendants' mission trip to Guatemala and represented that money donated to Defendants' Guatemalan mission trip could lead to the re-opening of the country for intercountry adoption when Defendants had no ability to produce such a result.

14. In some cases, Defendants failed to communicate with consumers regarding the status of their documents. As a result of Defendants' inaction on consumers' files, consumers' documents expired, Defendants failed to inform consumers that their documents had expired, and therefore consumers were unable to complete pending adoptions.

15. Defendant EACI required consumers to prepay for services that had not yet been rendered, or would not be rendered in the near future. For example, families prepaid for post-placement reporting prior to adoptions being completed.

16. Upon information and belief, Defendant EACI did not escrow or set aside prepaid funds.

17. Consumers relied on Defendants' representations when they contracted with Defendant EACI for intercountry adoption services.

18. As a result of Defendants' misrepresentations and closure and debarment of EACI, consumers have spent significant time and expense and have not been provided the contracted for adoption services.

19. Defendant Cole misrepresented the amount and type of assets possessed by Defendant EACI to both its board members and intercountry adoption licensing agencies.

## FINDINGS OF FACT

20. On December 16, 2016, the US Department of State temporarily debarred Defendant EACI for a period of three years. Defendant EACI was required to cease all adoption services connected with intercountry adoptions.

21. At the time of debarment, Defendant EACI had approximately 300 consumers who had contracted with Defendant EACI, paid for intercountry adoption services, and were in various stages of the international adoption process.

22. Defendant EACI was required to comply with 22 C.F.R. § 96.87, which states: "in the case of cancellation or debarment, it [an adoption agency] must execute the plans required by §§ 96.33(e) and 96.42(d) under the oversight of the accrediting entity, and transfer its Convention adoption cases and adoption records to other accredited agencies, approved persons, or a State archive, as appropriate."

23. Under 22 C.F.R. § 96.33(e), Defendant EACI was required to have a "plan to transfer its Convention cases if it ceases to provide or is no longer permitted to provide adoption services in Convention cases. The plan includes provisions for an organized closure and reimbursement to clients of funds paid for services not yet rendered."

24. Under 22 C.F.R. § 96.42(d), Defendant EACI was required to have a "plan that is consistent with the provisions of this section, the plan required under § 96.33, and applicable State law for transferring custody of adoption records that are subject to retention or archival requirements to an appropriate custodian, and ensuring the accessibility of those adoption

records, in the event that the agency or person ceases to provide or is no longer permitted to provide adoption services under the convention."

25. On December 19, 2016, Defendant EACI represented to consumers on Defendant EACI's website and via email that their cases are "more important than whether or not we [EACI] contest the action by the State Department and our efforts are focused on taking care of you and our international programs. We are trying to maintain some consistency in our cases with minimum difficulty and expense. As a part of that, we are making arrangements to facilitate the transfer of our families to another accredited agency. Decisions on your case must be made quickly in order to keep your adoption process moving, so hopefully, within the next few days, we will be able to give you our agency's recommended transfer plan."

26. On December 23, 2016, Defendant EACI represented to consumers on Defendant EACI's website and via email that they were "dedicated to help all families to complete their adoption process. We are still asking for your continuous patience. We will notify all families of the proposed service plan including estimated cost and procedures for each case that accurately reflects the family's current situation."

27. On December 23, 2016, Defendant EACI also represented to consumers on Defendant EACI's website and via email that "the transfer plan will be complete during the last week of December. We will be arranging conference calls in January to explain the transfer plan. After the conference call, your country consultant will be contacting each one of you individually accordingly to the stage of your adoption process to notify you of the transferee agency and with further instructions."

28. The Council on Accreditation initially required Defendant EACI to transfer the consumers' adoption cases and records to the new accredited adoption agencies or persons within 10 days

5

from the date of finalization of the transfer plans. The last of the transfer plans were finalized on January 20, 2017.

29. Under 22 C.F.R. § 96.42(d), Defendant EACI was required to return any funds to which the "prospective adoptive parent(s) may be entitled within sixty days of the completion of the delivery of services." The last date of Defendant EACI's ability to perform any services was December 16, 2016, and refunds to consumers should have been provided by February 14, 2017.

30. At the time of debarment, hundreds of consumers had paid Defendant EACI between several hundred to tens of thousands of dollars for ongoing adoption services.

31. To date, Defendant EACI has not transferred all intercountry adoption cases, adoption records, and consumers' paid adoption funds to other accredited agencies or persons for adoption services that were in process at the time of the debarment, in accordance with the approved transfer plans.

32. To date, Defendant EACI has failed to provide refunds to the consumers for adoption services that the consumers have paid for, but have not been provided by Defendants.

33. As a result of Defendant EACI's actions, consumers' pending adoptions cannot move forward without significant time and extra expenses to the consumers, including but not limited to, payment of administrative fees to the new adoption agency, payment of fees for certain adoption services to be redone by the new agency, additional travel expenses, etc.

34. Despite the promises made to consumers by Defendant EACI, many consumers who have reached out to Defendant EACI via phone regarding the failure to provide services, transfer files or funds, or provide refunds are unable to get through to Defendant EACI or have their

calls answered by an answering service that has no knowledge of the situation and do not receive calls back from Defendant EACI.

## CONCLUSIONS OF LAW

35. Jurisdiction over the subject matter of this action lies with this Court pursuant to R.C. 1345.04 and R.C. 2305.01.

36. This Court may exercise personal jurisdiction over the Defendants in this case pursuant to R.C. 2307.382 because the acts and omissions alleged in this complaint occurred in Ohio and/or because they involve or relate to the activities of an Ohio nonprofit corporation.

37. This Court has venue to hear this case pursuant to Ohio Civ. R. 3(C) in that the Defendants conducted activity which gave rise to the claims for relief in Cuyahoga County in the State of Ohio.

38. Defendant EACI is a "charitable trust" as that term is defined in R.C. 109.23 and a "charitable organization" as that term is defined in R.C. 1716.01.

39. Defendant Cole and all board members of Defendant EACI are fiduciaries of the organization as described in R.C. 109.23 and R.C. 1716.17.

40. Violations of law and misrepresentations by a fiduciary are a breach of fiduciary duty.

41. The Plaintiff has prosecuted this matter on the basis that Defendants are "suppliers" engaging in the business of effecting consumer transactions by soliciting and selling intercountry adoption services to consumers in Ohio and nationwide for purposes that were primarily personal, family, or household, within the meaning specific in R.C. 1345.01(A), as the term supplier is defined in R.C. 1345.01(C). Defendant Cole denies she is a supplier.

42. A supplier commits unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in inadequate and unfair customer services.

7

43. A supplier commits unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by misrepresenting the status of consumers' adoption services, the transfer of adoption records, and status of refunds.

44. A supplier commits unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A) and R.C. 1345.02(B)(1), by representing that adoption services have sponsorship, approval, performance characteristics, accessories, uses, or benefits that they do not have.

45. A supplier commits unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A) and R.C. 1345.02(B)(2), by representing that adoption services are of a particular standard, quality, grade, style, prescription, or model, when they are not.

46. A supplier commits unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A) and R.C. 1345.02(B)(9), by representing the supplier has sponsorship, approval, or affiliation that it does not have.

47. A supplier commits unconscionable acts or practices in violation of the CSPA, R.C. 1345.03(A), as set forth in and R.C. 1345.03(B)(6), by knowingly making misleading statements of opinion on which consumers relied to their detriment.

48. A supplier commits unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A) and the Ohio Admin. Code 109:4-3-09(A), by accepting payments from consumers for intercountry adoption services and then permitting eight (8) weeks to elapse without (1) delivering the intercountry adoption services contracted and paid for; or (2) refunding the payments to consumers.

49. A supplier commits unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by accepting payments from consumers for intercountry adoption services and failing to refund the payments to consumers as required by 22 C.F.R. §96.42(d).

8

50. R.C. 1716.17 states, in pertinent part, "[e]very person who solicits, collects, or expends contributions on behalf of a charitable organization or for a charitable purpose . . . and every officer, director, trustee, or employee of that person who is concerned with the solicitation, collection, or expenditure of those contributions shall be considered a fiduciary and as acting in a fiduciary capacity."

51. R.C. 109.23(A) states, in pertinent part, "'charitable trust' means any fiduciary relationship with respect to property arising under the law of this state or of another jurisdiction as a result of a manifestation of intention to create it, and subjecting the person by whom the property is held to fiduciary duties to deal with the property within this state for any charitable, religious or educational purpose."

52. R.C. 1716.14(A)(1) prohibits committing any deceptive act or practice in the planning, conducting or executing of any solicitation of contributions for a charitable organization or charitable purpose.

53. R.C. 1716.01(F) defines "deceptive act or practice" as "knowingly misrepresenting any material fact related to the planning, conducting, or executing of any solicitation of contributions for a charitable organization or charitable purpose or to the planning, conducting, or executing of a charitable sales promotion, when the misrepresentation induces any person to make a contribution to a charitable organization, for a charitable purpose, or in response to a charitable sales promotion."

54. R.C. 1716.14(A)(2) prohibits misleading any person as to any material fact concerning the solicitation of contributions for a charitable organization or charitable purpose.

55. Violations of R.C. 1716.14(A)(1) and (A)(2) entitle the Ohio Attorney General's Office to an injunction prohibiting further solicitation, restitution, attorney's fees and costs of

9

investigation and litigation, and civil penalties of up to $10,000 for each violation pursuant to R.C. 1716.16(B).

56. A fiduciary who makes statements and misrepresentations that were purposeful, willful, wanton, and/or reckless and made with the intent to mislead board members regarding the amount and type of assets possessed by a charitable organization has breached that fiduciary duty.

57. R.C. 1716.14(B) provides, "[t]he act of soliciting contributions for any charitable organization or charitable purpose or engaging in a charitable sales promotion without complying with the requirements of this chapter or any rule adopted pursuant to this chapter is a nuisance."

58. Violations of R.C. 1716.14 constitute a nuisance subject to abatement.

59. Ohio courts recognize the equitable doctrine of *cy pres*, and courts will apply the doctrine when: (A) there is a viable charitable trust; (B) the donor evidenced a general charitable intent on promoting the trust; and (C) it has become impossible or impractical to carry out the specific purposes or terms of the trust.

60. Ohio case law also recognizes the equitable doctrine of deviation. Courts may apply the doctrine when it deems necessary or highly desirable in order to enable the trustee to perform the purposes of the trust. Courts may deviate from the terms of the trust if the provisions have become so restrictive as to impair accomplishment of the trust purposes.

61. Defendant EACI was formed as a charitable trust and is required to operate for the benefit of its charitable beneficiaries. As such, the funds may be used only for the charitable purposes set forth in the terms of the trust. Additionally, all charitable proceeds unjustly or illegally retained are subject to the same charitable trust.

62. The specific purposes and/or specific terms of the charitable trust have become impossible or impractical to perform.

## STIPULATION FOR ENTRY OF CONSENT JUDGMENT

Plaintiff and Defendants stipulate and agree as follows:

1. Without admitting any allegation, fact, liability, fault or violation of any law or statute, and to avoid the cost and expense of continued litigation, the Parties wish to resolve this matter and hereby consent to an entry of judgment in the within case and entry of the following Order.

2. This Court has subject matter jurisdiction over Defendants.

3. Entry of this Consent Judgment resolves this action and any other claims Plaintiff may have against Defendants for violations of the Consumer Sales Practices Act, R.C. 1345.01 *et seq.*, violations of the Ohio Charitable Trust Act, R.C. 109.23 *et seq.*, violations of the Ohio Charitable Organizations Act, R.C. 1716 *et seq.*, breach of fiduciary duty, common law fraud, and nuisance occurring prior to the filing of this Consent Judgment. Except as otherwise set forth herein, this Consent Judgment does not limit any defenses Defendants may assert in response to any allegations, claims, charges, or complaints filed by any person or entity not a party to this Consent Judgment.

4. The settlement shall not affect individual claims or rights consumers may have.

5. The Order below, including the permanent injunctions to be entered pursuant to Ohio Rule of Civil Procedure 65 constitutes the final judgment in this matter. Plaintiff and Defendants waive the right to appeal from this judgment and each will bear their respective costs and fees, including attorneys' fees or other expenses of this litigation.

6. This Court retains jurisdiction over this matter for the purpose of implementing and enforcing this Consent Judgment.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Plaintiff State of Ohio ex rel. Attorney General Dave Yost's request for a Declaratory Judgment is GRANTED; and it is therefore DECLARED that the acts and practices enumerated in the Conclusions of Law set forth above violated the Ohio Consumer Sales Practices Act, R.C. 1345.01 *et seq.* in the manner set forth therein.

2. Defendants, their officers, partners, agents, representatives, salespersons, employees, successors, assigns and all other persons acting on behalf of Defendants directly or indirectly, through any corporate device or private, device, partnership or association in connection with any consumer transaction including any person or entity which purchases any interest in the business and continues to operate the business are hereby PERMANENTLY ENJOINED from engaging in practices that violate the Consumer Sales Practices Act, R.C. 1345.01 *et seq.*

3. Defendant Cole is PERMANENTLY ENJOINED from soliciting in the State of Ohio for charitable purposes or on behalf of any charitable organization, including, but not limited to, solicitations conducted as a volunteer, officer, trustee, employee, representative, independent contractor, or agent of an organization; or solicitations conducted as a professional solicitor, fundraising counsel, or commercial co-venturer, as those terms are defined in R.C. Chapter 1716.

4. Defendant Cole, within the State of Ohio, is PERMANENTLY ENJOINED from incorporating a non-profit organization; serving on the board of directors of any non-profit organization; and, acting as a volunteer, agent, or employee of any charitable organization in a capacity that oversees, manages, or handles any charitable assets except to the extent necessary to complete any obligation under this order.

5. From the date of execution and entry of this Consent Judgment, Defendant EACI shall exist only for the purposes of prosecuting claims of any kind it may have against others,

defending itself against any claims, and litigating matters in connection with proceedings relating to its debarment ("Legal Proceedings").

6. Within 30 days following the full, final, and non-appealable resolution of all Legal Proceedings, Defendant Cole shall undertake such efforts as are necessary to seek the approval of the Trustees of Defendant EACI for a dissolution of Defendant EACI and authority to complete and file all documents with the Ohio Secretary of State necessary to dissolve Defendant EACI in accordance with the further provisions of this Order.

7. Within 30 days following the full, final and non-appealable resolution of all Legal Proceedings, and upon receiving approval from Defendant EACI's board members to dissolve, Defendant Cole shall complete and submit to the Ohio Attorney General's Office a "Charity Dissolution Form" for European Adoption Consultants, Incorporated.

8. For so long as Defendant EACI continues to exist to pursue or defend against Legal Proceedings, Defendant EACI is required to submit its annual filings with the Ohio Attorney General's Office's Charitable Law Section. These filings must include a current list of Defendant EACI's board members and their contact information.

9. Within 30 days of executing this Consent Judgment, Defendant Cole shall use her best efforts to shut down all functioning websites, social media accounts, and/or internet posts of any type maintained and/or controlled by Defendant EACI or Defendant Cole relating to EACI. This provision does not require Defendant EACI to shut down its Gmail account "eaci.com." Cole agrees the only person who will access Defendant EACI's Gmail account after the execution of this Consent Judgment is Defendant EACI's legal counsel for the purpose of pursuing or defending against Legal Proceedings. Defendants agree not to use any Defendant EACI's affiliated Gmail account to send any email after execution of this Consent Judgment.

10. Upon filing this Consent Judgment with the Court and execution and journalization of this Consent Judgment by the Court, Defendant Cole shall turn over to the Ohio Attorney General's Office any remaining assets of Project Sunshine, Inc. (EIN: 34-1887139), an Ohio non-profit corporation that conducted charity efforts for EAC ("Project Sunshine"). Project Sunshine has been inactive since the EAC debarment. Funds shall be sent to:

>  Chief Accountant-Charitable Law Section
>  150 E. Gay Street, 23rd Floor
>  Columbus, Ohio 43215

The Attorney General shall deposit these assets. All funds shall be redistributed for charitable purposes at the discretion of the Attorney General. Within 30 days after turning over the assets, Defendant Cole shall resign from the Project Sunshine Board of Trustees. Defendant Cole shall provide evidence of this resignation to Plaintiff.

11. Pursuant to R.C. 1345.07, Defendants are jointly and severally liable, to pay consumer restitution, in the amount of $260,000.00 to the Ohio Attorney General's Office to distribute to consumers who paid for, but did not receive, products or services from the Defendants and whose claims are for alleged violations of the Consumer Sales Practices Act, R.C. 1345.01. The restitution is due within 60 days of the filing of this Consent Judgment with the Court and execution and journalization of it by the Court. It shall be made payable to the "Ohio Attorney General" and addressed to:

>  Compliance Officer – Consumer Protection Section
>  30 East Broad Street, 14th Floor
>  Columbus, OH 43215

After distributing the restitution, Plaintiff shall provide Defendants with a list of all consumers to whom restitution was paid with corresponding amounts.

12. It is further ORDERED that, pursuant to R.C. 1345.07(D), Defendants shall pay costs and fees of $6,000.00 to the Ohio Attorney General's Consumer Protection Enforcement Fund. Payment is due upon filing of this Consent Judgment with the Court and execution and journalization of this Consent Judgment by the Court. It shall be made payable to the "Ohio Attorney General" and addressed to:

> Compliance Officer – Consumer Protection Section
> East Broad Street, 14th Floor
> Columbus, OH 43215

13. It is further ORDERED that, pursuant to R.C. 1345.07(D), Defendants are jointly and severally liable for a civil penalty of $37,500.00 (the "Consumer Penalty"). Payment of the Consumer Penalty is suspended upon Defendants' compliance with this Consent Judgment. If, after notice to Defendants and a hearing on the matter, this Court determines Defendants violated the non-monetary provisions of this order, the suspension of the penalty shall be abated by Order of the Court and, thereafter, the Consumer Penalty shall be due and payable to Plaintiff. If Defendants fails to make the payments required under Paragraphs 10, 11, and 12 of this Consent Judgment the Consumer Penalty shall be due and payable to Plaintiff upon demand and without notice or a hearing.

14. It is further ORDERED that, pursuant to R.C. 1716.16(B), Defendants are jointly and severally liable for a civil penalty of $37,500.00 (the "Charitable Penalty"). Payment of the Charitable Penalty is suspended upon Defendants' complete compliance with this Consent Judgment. If, after notice to Defendants and a hearing on the matter, this Court determines Defendants violated the non-monetary provisions of this order, the suspension of the penalty shall be abated by Order of the Court and, thereafter, the Charitable Penalty shall be due and payable to Plaintiff. If Defendant fails to make the payments required under Paragraphs 10, 11,

and 12 of this Consent Judgment the Consumer Penalty shall be due and payable to Plaintiff upon demand and without notice or a hearing.

15. It is further ORDERED that pursuant to R.C. 1345.10, this Consent Judgment is not admissible as prima facie evidence of the facts on which it is based for any subsequent proceedings brought by any party under R.C. 1345.09.

16. It is further ORDERED that if Ohio Attorney General must initiate legal action or incur any costs to compel Defendants to abide by this Consent Judgment, upon proof of the violation, Defendants shall be liable to the Ohio Attorney General for any such costs associated with proving that violation, including, but not limited to, a reasonable sum for attorneys' fees.

17. It is further ORDERED that nothing in this Consent Judgment shall in any way preclude any investigation or enforcement actions against Defendants under any legal authority granted to the State for transactions not subject to this action.

18. It is further ORDERED that Defendants shall not represent, directly or indirectly, that the Court or the Ohio Attorney General have sanctioned, condoned, or approved any part or aspect of the Defendants' business operations.

19. This Court shall retain jurisdiction to enforce compliance with this Consent Judgment.

_____
MARGARET COLE

_____
EUROPEAN ADOPTION CONSULTANTS,
INC. d/b/a EAC, INC.
BY: Margaret Cole
ITS: President

16

DAVE YOST
Ohio Attorney General

*/s/ Teresa A. Heffernan*

TERESA A. HEFFERNAN (0080732)
LEAH B. O'CARROLL (0075477)
LAUREN D. EMERY (0095955)
REBECCA SCHLAG (0061897)
LINDSEY GRANT (0088167)
Assistant Attorneys General
Office of the Ohio Attorney General
30 E. Broad St., 14th Floor
Columbus, Ohio 43215
(614) 644-9618
(866) 521-9921 – Fax
teresa.heffernan@ohioattorneygeneral.gov
leah.o'carroll@ohioattorneygeneral.gov
lauren.emery@ohioattorneygeneral.gov
rebecca.schlag@ohioattorneygeneral.gov
lindsey.grant@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*


Approved as to form and content:

*/s/ Julie L. Juergens*

JULIE L. JUERGENS (0066873)
Gallagher Sharp
Sixth Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310
(216) 241-1608 – Fax
jjuergens@gallaghersharp.com

*Counsel for Defendants*

*/s/ Joseph A. Carbone*

JOSEPH A. CARBONE (0005620)
Joseph A. Carbone Co., LPA
614 West Superior Avenue
Suite 800

Cleveland, Ohio 44113
(216) 861-3000
(216) 861-3916 –Fax
jacarco@aol.com

Counsel for Defendants

IT IS SO ORDERED:

_____
JUDGE ASHLEY KILBANE
Date: 7-24-19